# BROWN *v.* MASSACHUSETTS.

ERROR TO THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS.

No. 839. Argued April 6, 1892. — Decided April 18, 1892.

A defendant indicted in a state court for forging discharges for money payable by a municipal corporation, with intent to defraud it, pleaded in abatement to the array of the grand jury, and to the array of the traverse jury, that all the jurors were inhabitants of the municipality, but did not at that stage of the case claim in any form a right or immunity under the Constitution of the United States. After conviction, the defendant, by motion in arrest of judgment, and by exception to the jurisdiction of the court, objected that the proceedings were in violation of the Fourteenth Amendment to the Constitution of the United States for the same reason, and also because the selectmen of the municipality who prepared the jury list, and took the principal part in drawing the jurors, were at the same time actively promoting this prosecution. The highest court of the State held the objections taken before verdict to be unfounded, and those after verdict to be taken too late. *Held*, that this court had no jurisdiction to review the judgment on writ of error.

An indictment was found by the grand jury in the superior court for the county of Nantucket and Commonwealth of Massachusetts, on c. 204, §§ 1, 2, of the Public Statutes of Massachusetts, containing twenty-four counts, each of which was for forging, or for uttering, a discharge for money payable by the county of Nantucket, or by the town of Nantucket, with intent to defraud the county, or the town.

The town and county of Nantucket are geographically identical; the selectmen of the town have the powers of county commissioners; the town may raise money to pay the expenses of the county; and the treasurer of the town is county treasurer. Mass. Pub. Stat. c. 22, § 29; c. 23, § 4.

By the general jury act of Massachusetts, in every town, lists of persons qualified to serve as jurors are prepared annually by the selectmen, and are subject to revision by the town in town meeting; and all grand jurors and traverse jurors are drawn by lot from the names on such lists. Mass. Pub. Stat. c. 170, §§ 6–22. That act contains the following provisions:

"Sec. 38. In indictments and penal actions for the recovery of a sum of money or other thing forfeited, it shall not be a cause of challenge to a juror that he is liable to pay taxes in a county, city or town, which may be benefited by such recovery.

"Sec. 39. If a party knows of an objection to a juror in season to propose it before the trial, and omits to do so, he shall not afterwards be allowed to make the same objection, unless by leave of the court.

"Sec. 40. No irregularity in a writ of *venire facias*, or in the drawing, summoning, returning or empanelling of jurors, shall be sufficient to set aside a verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the returning of the verdict."

The act of Massachusetts concerning proceedings before judgment in criminal cases contains this provision: "No motion in arrest of judgment shall be allowed for a cause existing before verdict, unless the same affects the jurisdiction of the court." Mass. Pub. Stat. c. 214, § 27.

The defendant pleaded in abatement to the array of the grand jury, and afterwards to the array of the traverse jury, upon several grounds, the only one of which relied on at the argument in this court was "because the names of said jurors were not drawn from the list of jurors in the manner provided by law." The district attorney filed a replication to each plea; and at the hearing thereon it appeared that the crimes charged in the indictment were committed, if at all, in regard to vouchers presented to the town and county treasurer, with intent to defraud the town or the county; and the defendant requested the court to rule, "that by reason of bias and interest a grand jury" (or "a jury") "drawn and made up from

the inhabitants of the town and county of Nantucket was not competent to make a presentment" (or "to try an indictment") "for crimes against the county or town treasury." The court declined so to rule, and overruled each plea; the defendant duly excepted to each ruling, and pleaded not guilty, and was thereupon tried and convicted; and his exceptions were overruled by the Supreme Judicial Court of Massachusetts, for reasons stated in the rescript sent down to the superior court as follows: "The jurors were not disqualified to serve by reason of interest as inhabitants of the town or county of Nantucket." The opinion then delivered is annexed to the transcript of the record, as required by Rule 8 of this court, and is reported in 147 Mass. 585.

The defendant then filed in the Superior Court a motion in arrest of judgment, renewing the same objections to the grand and traverse juries; and further alleging that before the finding of the indictment the selectmen had been directed, by a vote of the town at a meeting duly warned, to prosecute the defendant for the offences described in the indictment, and pursuant to that vote employed counsel, and a majority of them, with the approval of the others, made a complaint against the defendant for those offences before a trial justice, who was himself an inhabitant and voter of the town, and had taken part in the town meeting and in its vote, and had there declared that the defendant was guilty, and, before the making of the complaint, had advised and counselled with the selectmen as to the furtherance of the prosecution; that the selectmen prosecuted the complaint, and obtained an order from the justice requiring the defendant to recognize for his appearance before the superior court, and prepared evidence and sought out witnesses to be produced against him before the grand jury; that while engaged in furthering such prosecution the selectmen prepared the list from which were drawn the grand and traverse jurors who found and tried the indictment against the defendant; that at the town meeting at which such jurors were drawn no one was present, except the selectmen, and the constable who had served the warrant for the meeting; that of the twenty-three grand jurors who found

the indictment, all but five had been present at the town meeting first mentioned, and had joined in the vote there adopted; and that for these reasons "the presentment and the trial and conviction of the defendant were in conflict with the provisions of the constitution of this Commonwealth, and in particular of the provisions of the twelfth article of the Declaration of Rights, and were in conflict with the Constitution of the United States of America, and in particular with the provisions of the Fourteenth Amendment thereto."

Together with the motion in arrest of judgment, the defendant filed an "exception to the jurisdiction," containing like allegations, and further alleging that by reason of the facts alleged the grand jurors had no authority to present, and the traverse jurors had no authority to try, the indictment against the defendant, and the court had no jurisdiction to receive the presentment or to try the matter thereof.

At the hearing of this motion and exception the district attorney admitted the facts alleged therein. The court overruled the motion and the exception. The defendant appealed from the order overruling the motion in arrest of judgment, and alleged exceptions to the overruling of his exception to the jurisdiction.

The Supreme Judicial Court of Massachusetts affirmed the order, and overruled the exceptions, for reasons stated in its rescript to the superior court as follows: "A motion in arrest of judgment can be sustained only for errors apparent on the record. The record discloses no error. The exception to the jurisdiction is nothing but a motion in arrest of judgment under another name."

In the opinion then delivered, and duly transmitted to this court with the record, the Supreme Judicial Court, after deciding the case upon the grounds stated in this rescript, added: "It is difficult to see how any question deserving serious consideration arises under the Constitution, either of this State or of the United States. In view of the authorities cited in the former opinion in this case, it can hardly be argued that a legislature has no constitutional authority to provide that mere inhabitancy in a town or county shall not disqualify one

from sitting as a juror to try a prisoner for unlawfully obtaining money from the treasury of the town or county. It has not been contended before us, that our statute forbidding the allowance of a motion in arrest of judgment for a cause existing before verdict, unless it affects the jurisdiction of the court, is unconstitutional, nor that the rule which confines proceedings upon motions in arrest to matters apparent upon the record is in conflict either with the Federal or State Constitution. We are of opinion that there was no error in the proceedings in the superior court." 150 Mass. 334, 343.

The superior court thereupon sentenced the defendant to imprisonment in the house of correction for two years and six months, and he sued out this writ of error.

By the practice in Massachusetts, where a bill of exceptions or an appeal in matter of law is taken to the Supreme Judicial Court, the question of law only goes to that court, and the record, unless ordered up by that court, remains in the court below; and therefore this writ of error was addressed to the superior court. Mass. Pub. Stat. c. 150, §§ 7, 12; c. 153, § 15; *McGuire* v. *Commonwealth*, 3 Wall. 382; *Bryan* v. *Bates*, 12 Allen, 201, 205; *Commonwealth* v. *Scott*, 123 Mass. 418.

*Mr. R. D. Weston-Smith* (with whom was *Mr. H. W. Chaplin* on the brief) for plaintiff in error.

The composition of the grand jury and the traverse jury exclusively from the inhabitants of the county and town of Nantucket made them necessarily a partial tribunal. Impartiality is of course never absolute, but always relative. Nevertheless it is a requirement, and it is for the courts — and under the Fourteenth Amendment for this court — to draw the line in any given case. The plaintiff in error was presented by a grand jury and tried by a trial jury, composed exclusively of the town and county corporations against which his alleged crime was directed. This was in violation of the first principles of justice. These grand and petit jurors were all disqualified.

The position of the selectmen as acting prosecutors under a

vote of the town made them incompetent, under the Fourteenth Amendment, to prepare the preliminary list of jurors. It made them incompetent to compose, in their individual capacity, substantially the whole town meeting held to revise that list and make it final. Seven men who were prosecuting the plaintiff in error for the offences finally embodied in the indictment against him made up a list, from which, exclusively, was drawn the grand jury which indicted him, and from which was made up the trial jury. The fruits of this action are seen in the fact that eighteen out of the twenty-three grand jurors were persons who had voted for the prosecution which these prosecutors were promoting before them. A grand jury so made up was as to this defendant a mere travesty of a grand jury, and was a nullity. The objection to it was jurisdictional; *McGregor* v. *Crane*, 98 Mass. 530; *Richardson* v. *Welcome*, 6 Cush. 331; and as such may be taken at any stage. When an objection of this character goes to the roots of the administration of justice, it is never too late to take it. This objection was one of such gravity that it could not be waived. *Hopt* v. *Utah*, 110 U. S. 574; *Hill* v. *People*, 16 Michigan, 351; *Williams* v. *Ohio*, 12 Ohio St. 622; *Cancemi* v. *People*, 18 N. Y. 128; *Harris* v. *People*, 128 Illinois, 585; *McGregor* v. *Crane*, cited above; *Richardson* v. *Welcome*, cited above.

If any state statute stands in the way of the plaintiff in error upon this point, it is, when it operates upon objections so important as are now made, in conflict with the Fourteenth Amendment, as unduly clogging remedies. *Callan* v. *Wilson*, 127 U. S. 540.

Even if this new question of fact does not, within the strictest meaning of the word "go to jurisdiction," it involves so gross an impropriety, and an abuse of the forms of justice so extreme as, in a proper exercise of judicial discretion, to vitiate the whole proceeding. *Hopt* v. *Utah*, cited above; *Edson* v. *Edson*, 108 Mass. 590; *Oakley* v. *Aspinwall*, 3 N. Y. 547.

The fact that eighteen out of twenty-three grand jurors had joined in the vote for the prosecution which was being

carried on before them by the agents of their town, whom they had helped to constitute such, made them, substantially, prosecutors, and disqualified them. Their action violated the first principle of justice: that no man shall be prosecutor and judge at the same time. This objection is, like the objection last referred to, of so vital a character that it cannot be waived. It is jurisdictional, or quasi-jurisdictional, and may be raised at any stage of the cause.

*Mr. Albert E. Pillsbury,* Attorney General of the State of Massachusetts, for defendant in error.

Mr. Justice Gray, after stating the case as above, delivered the opinion of the court.

In order to give this court jurisdiction, under section 709 of the Revised Statutes, to review on writ of error a decision of the highest court of a State against a title, right, privilege or immunity claimed under the Constitution of the United States, it must, as observed by Chief Justice Waite in *Spies* v. *Illinois,* "appear on the record that such title, right, privilege or immunity was 'specially set up or claimed' at the proper time in the proper way." 123 U. S. 131, 181.

In the case at bar, the only ground, on which it has been argued that the judgment of the Supreme Judicial Court of Massachusetts should be reversed, is that the plaintiff in error has been deprived of his liberty without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States, because the grand jury by which he was indicted, and the traverse jury by which he was tried and convicted, were wholly composed of inhabitants of the town and county of Nantucket, which the indictment charged him with intending to defraud; and because the selectmen of the town, who prepared the jury list, and took the principal part in drawing the jurors, were at the same time actively promoting this prosecution.

No objection that the proceedings were in violation of the Constitution of the United States was taken in any form,

either expressly, or by any possible inference or implication, before verdict.

Nor was any such objection duly presented afterwards. In Massachusetts, as elsewhere, the errors suggested could not be availed of by motion in arrest of judgment, unless appearing on the face of the record. *Commonwealth* v. *Edwards*, 12 Cush. 187; *Carter* v. *Bennett*, 15 How. 354. And by the statutes of the State, the defendant was not entitled, after verdict, to object to the qualifications of the jurors, or to any irregularity in drawing them; nor could he move in arrest of judgment for any cause existing before verdict, and not affecting the jurisdiction of the court. Mass. Pub. Stat. c. 170, §§ 39, 40; c. 214, § 27. The objections taken did not affect the jurisdiction of the court in which the plaintiff in error was indicted and convicted, but only the regularity of the proceedings in obtaining the grand and traverse jurors. *Ex parte Harding*, 120 U. S. 782. The anomalous "exception to the jurisdiction," filed after verdict, was held, and rightly held, by the state court to be nothing but a motion in arrest of judgment under another name.

The judgment of the highest court of the State was put upon the ground that these objections were not open after verdict, independently of the opinion of that court that the objections had no merits. As that ground was sufficient to support the judgment, no federal question is involved, and this court has no jurisdiction. The case cannot be distinguished in principle from *Baldwin* v. *Kansas*, 129 U. S. 52.

*Writ of error dismissed for want of jurisdiction.*