# MORRISON v. WATSON.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH
CAROLINA.

No. 177. Argued December 20, 1893. — Decided May 26, 1894.

This court has no jurisdiction to review by writ of error a judgment of the highest court of a State, as against a right under the Constitution of the United States, if the right was not claimed in any form before judgment in that court.

THIS was an action, in the nature of ejectment, brought April 11, 1883, in the superior court of Richmond county in

the State of North Carolina, to recover one hundred acres of land in that county.

The case certified by that court to the Supreme Court of the State began as follows:

"The plaintiff claimed title to the land described in the complaint by virtue of an execution sale and sheriff's deed made pursuant thereto. The defendant denied that the plaintiff was the owner of the land or that he wrongfully withheld possession thereof. He admitted being in the possession.

"The following issues were, without objection, submitted to the jury: 1st. Is the plaintiff the owner and entitled to the immediate possession of the land described in the complaint? 2nd. Did the defendant at the time of the bringing of this action unlawfully withhold possession thereof? 3rd. What damages is the plaintiff entitled to recover?"

The case then stated that the plaintiff gave in evidence a deed of the land from the sheriff to himself, pursuant to a sale thereof, for the price of $40, on June 9, 1879, under an execution duly issued April 5, 1879, upon a judgment rendered May 17, 1870, against the defendant, for $35, and interest from November 13, 1864, and costs, on a promissory note shown by the judgment roll to have been payable at the date last mentioned; and that the plaintiff also gave in evidence the execution, and the officer's return thereon, stating that he levied it upon this land. The case also stated that "no homestead was ever allotted to the defendant."

The case then stated that "the plaintiff, for the purpose of showing that the lands of the defendant were, in June, 1879, worth less than $1000 and the amount of the judgment," introduced, "after objection by defendant and exception to its admission," evidence tending to show that fact; that the defendant also introduced evidence upon the question of the value of the land; and set forth the testimony introduced by either party; did not show that any evidence admitted was objected to by the plaintiff; and continued and concluded as follows:

"The defendant duly objected to all of the testimony in regard to the value of the land, when it was offered, for that the defendant's right to a homestead and the value of his land

could only be ascertained and determined in the manner provided by law, and not in the first instance by a jury empanneled to try the question of title. The court, in deference to the opinion of the Supreme Court in this case, admitted the testimony. *Morrison* v. *Watson*, 95 No. Car. 479.

"The counsel for the plaintiff requested the court to charge the jury: 1st. That there was no evidence that the defendants were worth in June, 1879, $1000 and the judgment, interest and costs, amounting to $83; 2d. That upon the whole evidence the plaintiff was entitled to recover. The court declined to so instruct the jury, and the plaintiff excepted.

"The court then instructed the jury that they could consider the whole evidence, and, after ascertaining the value of the land per acre in June, 1879, they should make a calculation as to its total value. The court then explained to the jury the issues, and the way in which the testimony should be considered with respect to them; and instructed them that they could consider the return on the execution in passing upon the question whether the defendant had other property than the land covered by the sheriff's deed; and that to recover in this action the plaintiff must show by a preponderance of the testimony that the defendant's land was worth in June, 1879, less than $1000, and the amount of the judgment, interest, and costs, amounting to $83, and that the defendant had no other property which could have been sold to pay the judgment. *Miller* v. *Miller*, 89 No. Car. 402.

"The jury found the first and second issues in the negative. Motion for a new trial for reception of the evidence objected to, and for refusing the instruction asked, and for error in the instruction given. Motion denied. Judgment in accordance with the verdict. Appeal by plaintiff."

The Supreme Court of the State, on November 12, 1888, affirmed the judgment. 101 No. Car. 332. The plaintiff, on September 4, 1890, sued out this writ of error.

*Mr. Frederic D. McKenney,* (with whom was *Mr. S. F. Phillips* on the brief,) for plaintiff in error.

*Mr. W. W. Flemming* for defendant in error.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

The ground on which it was argued in this court that the judgment of the Supreme Court of North Carolina should be reversed was that, the debt, in execution of the judgment upon which the land was sold to the plaintiff, having been contracted before the constitution and laws of the State exempted a homestead from execution, the obligation of the contract was impaired by the statute of North Carolina, by which, as construed by the Supreme Court of the State, such a creditor is obliged to levy his execution, first, by sale of so much of the debtor's land as is not within the homestead exemption, and afterwards, if necessary, by separate sale of the rest of the land.

But the difficulty is that it does not appear that any objection to the constitutionality of the statute was taken by the plaintiff in the courts of the State. On the contrary, he appears to have assumed that the statute was constitutional and valid; and that, if the land, at the time of the sale on execution in June, 1879, was not worth the sum of $1083, made up of $1000 for the homestead, and $83 for the amount of the judgment, he could not recover.

At the trial, after proving his title under the sale on execution, he himself introduced, against the objection and exception of the defendant, evidence that the lands were worth less than that sum. The only instructions which the plaintiff asked, and to the refusal of which he excepted, were the specific one "that there was no evidence that the defendants" (apparently meaning the defendant's lands) "were worth" that sum, and the general one "that upon the whole evidence the plaintiff was entitled to recover." The instructions given were not excepted to, and it does not appear for what supposed error in them a new trial was moved for and refused. The plaintiff, therefore, up to the time of judgment in the trial court, does not appear to have insisted that the levy under which he claimed was valid if the estate was worth more than the sum aforesaid, as the jury found that it was.

Nor does it appear that he brought any constitutional question before the Supreme Court of the State. No reasons of his appeal to that court are stated in the record; and the official report of its opinion shows that no counsel for the plaintiff argued the case before that court. 101 No. Car. 332, 335. Under these circumstances, the fact that in that opinion the construction and validity of the statute were treated as settled by the ruling in the earlier case of *McCanless* v. *Flinchum*, 98 No. Car. 358, and were restated by way of explanation of the defence at the trial of the present case, falls short of showing that there was any real contest at any stage of this case upon the point.

In order to give this court jurisdiction of a writ of error to review a judgment of the highest court of a State, on the ground that it decided against a title, right, privilege, or immunity claimed under the Constitution or a treaty or statute of the United States, such title, right, privilege, or immunity must have been "specially set up or claimed" at the proper time and in the proper way. If it was not claimed in the trial court, and therefore, by the law and practice of the State, as declared by its highest court, could not be considered by that court; or if it was not claimed in any form before judgment in the highest court of the State; it cannot be asserted in this court. Rev. Stat. § 709; *Spies* v. *Illinois*, 123 U. S. 131, 181; *Brooks* v. *Missouri*, 124 U. S. 394; *Chappell* v. *Bradshaw*, 128 U. S. 132, 134; *Brown* v. *Massachusetts*, 144 U. S. 573; *Schuyler National Bank* v. *Bollong*, 150 U. S. 85; *Miller* v. *Texas*, 153 U. S. 535.

The judgment of the Supreme Court of North Carolina in this case appears by the record to have been rendered on November 14, 1888; and it is perhaps significant that this writ of error was not sued out until September 4, 1890, after that court in *Long* v. *Walker*, 105 No. Car. 90, had changed its opinion as to the validity and effect of the statute.

*Writ of error dismissed for want of jurisdiction.*

MR. JUSTICE WHITE, not having been a member of the court when this case was argued, took no part in its decision.