LUCY A. HATCHER, Respondent, v. THE NATIONAL ANNUITY ASSOCIATION, Appellant.

Kansas City Court of Appeals, January 30, 1911.

FRATERNAL BENEFICIARY ASSOCIATIONS: Benefit Certificates. A benefit certificate, as originally issued by the Loyal Knights, a fraternal benefit society, provided for the payment at death of ten times the total amount he should pay into the mortuary fund of the society, not to exceed two thousand dollars. Later a "rider" was issued, increasing the benefits to twenty three times the amount so paid. Thereafter, the holder transferred membership to another similar association. Death ensued, and this action was brought on said certificate.

*Held*, that as the contract of assumption between the latter association and the deceased member provided for payment as set out in the original certificate, the full measure of plaintiff's recovery was ten times the monthly mortuary assessments paid by the member, and it was immaterial whether the "rider" was legally adopted or not.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis*, Judge.

REVERSED AND REMANDED (*with directions*).

*David C. Finley* and *F. S. Hudson* for appellant.

(1)   Appellant is indebted to respondent in accordance with the provisions set out on the face of the original certificates as issued to Hatcher by the Loyal Knights, viz.: ten times the amount he paid into the mortuary fund (See "Certificate of Assumption," page 14 of the record). (2) The mortuary fund consists of seventy-five per cent of the monthly assessments. after the first year, together with such of the first year's assessments remaining unused for general fund purposes (see by-laws as to the mortuary fund. page 28 of the record). (3) Respondent failed to show that the original certificates as issued to Hatcher by the Loyal Knights, increasing its promised benefits from ten to twenty-three times the amount he should pay into the mortuary fund, was legally adopted. Angell & Ames on Corporations (11 Ed.), sec. 328; 1 Waterman on the Law of Corporations, p. 235; Bacon on Benefit Societies, sec. 80; Van Atten v. Modern Brotherhood, 131 Iowa 232. (4) The contract between appellant and Guy F. Hatcher is unambiguous and therefore parol or extrinsic evidence to explain, alter, modify or enlarge it should not have been admitted. McClurg v. Whitney, 82 Mo. App. 625; Halliday v. Lesh, 85 Mo. App. 285; Michael v. St. Louis Mut. Ins. Co., 17 Mo. App. 23; Rubey v. Coal Co., 21 Mo. App. 159; Miller v. Dunlap, 22 Mo. App. 97; Walker v. Automobile Co., 124 Mo. App. 628; Eaton v. Coal Co., 125 Mo. App. 194.

*Scott J. Miller* for respondent.

(1)   A finding or judgment by the court on the facts will not be disturbed, if sustained by sufficient evidence, or substantially supported by the evidence. Rosche v. Cook, 81 Mo. App. 616; Moore v. Farmer, 156 Mo. 33; Mfg. Co. v. Somerville, 84 Mo. App. 226; McClanahan v. Payne, 86 Mo. App. 284; North Fur. & C. Co. v. Davis, Id. 296; Clements v. Turner, 162 Mo. 466; Flanagan v. O'Connell, 88 Mo. App. 1; Curtis v. Tyler, 90 Mo. App. 345; Corrigan v. Kansas City, 93 Mo. App. 173; Fuhlage v. Nagle, 105 Mo. App. 471. (2)   Where a case is tried by the court sitting as a jury, the weight to be attached to the evidence is a matter to be determined exclusively by the court, and this court on appeal will not review it.   Allen v. Jones, 50 Mo. 205; Twiss v. Hopkins, Id. 398; Miller v. Breneke, 83 Mo. 163.     (3)   A finding by the trial court on a question of fact which there is evidence to support will not be set aside on appeal.   Allen v. Bank, 4 Mo. App. 66; Montgomery v. Harker, 81 Mo. 63; Gaines v. Saunders, 87 Mo. 557; Cook v. Farrah, 105 Mo. 492; Pierson v. Slifer, 52 Mo. App. 273; Hellman v. Bick, 55 Mo. App. 168; Grant v. Moon, 128 Mo. 43; Lester ex rel. v. Givens, 74 Mo. App. 395.    (4)   The court goes further and says a finding by the trial court will not be disturbed by the court on appeal where there is any evidence to support it, or the evidence tends to support it.   Huckshorn v. Hartwig, 81 Mo. 648; Rothschild v. Wabash, et al., 92 Mo. 91; Mead v. Spaulding, 94 Mo. 93; Culverhouse v. Worts, 32 Mo. App. 419; Krider v. Milner, 99 Mo. 145; Handian v. McManus, 100 Mo. 124.    (5)   In a trial by the court without a jury, the court's conclusions of fact will not be interfered with on appeal, unless there is no evidence whatever to support them. Ball v. Railroad, 83 Mo. 574.    (6)   The finding of a trial judge sitting as a jury, having substantial support in the evidence cannot be reversed on appeal, whether or

not it agrees with the appellate court's view of the probative force of the entire evidence. Fairbank Co. v. Cotton Oil Co., 81 Mo. App. 523. (7) Carl Blanchard was the agent of the defendant, in collecting the dues, and the court so found; and this finding will not be disturbed on appeal. Bannister v. Engine Co., 82 Mo. App. 528. (8) The question, under the evidence, of whether or not Berry knew, personally, of the amendment rider, which we claim was not necessary, was submitted to the court and tried out, and the court found that he did. This will not be disturbed on appeal. Stoutimore v. Clark, 70 Mo. 471; Robertson v. Hope, 121 Mo. 34.

BROADDUS, P. J.—This is a suit to recover on a fraternal benefit certificate.

In 1905, there was organized under the laws of Missouri a fraternal benefit society, called the Loyal Knights, with headquarters at Chillicothe. But as the organization did not prosper, in 1907 a certain number of its members transferred their allegiance and membership to the National Annuity Association, among which was Guy F. Hatcher, the holder of the certificate in suit. The certificate as originally issued by the Loyal Knights provided for a payment at death of ten times the monthly mortuary assessments he shall have paid into the order previous to his death, not exceeding the sum of $2000. On August, 1, 1905, the Loyal Knights issued what are called "riders" to its members increasing the possible benefits, and such a rider was issued to Hatcher increasing the benefits on his certificate from ten to twenty-three times the total sum he should pay into the mortuary fund of the society. When Hatcher and others transferred their membership and allegiance to the appellant association, it issued the following document demoniated:

"CERTIFICATE OF ASSUMPTION.

"This is to certify that in consideration of the assumption by the National Annuity Association of Kan-

sas City, Missouri, of the benefit certificate issued by the Loyal Knights, of Chillicothe, Missouri, above described, the undersigned member transfers his membership to the National Annuity Association, assumes its obligations and agrees for himself and beneficiaries, to abide by the laws of said association now in force, or that may hereafter be adopted.

"It is agreed and understood, however, that the amount to be paid at death, by the National Annuity Association, will be the same as that set out on the face of the original benefit certificate issued by the Loyal Knights, to which a copy of this agreement is attached, less only amounts previously paid for disability or other benefits."

There was much evidence introduced as to whether the by-law of the Loyal Knights providing for the "rider" increased the benefits on certificates from ten to twenty-three times the total sum paid by the member into the mortuary fund of the society was legally adopted,

The case was tried before the court without the aid of a jury.

As we consider the case it was immaterial whether said by-law was legally adopted or not. The contract between the deceased member and the appellant governs the defendant's liability. It is a plain, simple contract which contains the unambiguous stipulation that; "the amount to be paid at death, by the National Annuity Association will be the same as set out on the face of the original benefit certificate issued by the Loyal Knights." The original benefit certificate on its face provides for a payment at death of ten times the monthly mortuary assessments paid by the member. Under the written contract of assumption, ten times the monthly mortuary assessments paid by the member constitutes the full measure of plaintiff's recovery.

We have examined respondent's motion to dismiss the appeal, but do not think the causes assigned are sufficient to justify the court in sustaining and it is

therefore overruled. The case is therefore reversed and remanded with directions to the court to render judgment in accordance with this opinion. All concur.