LUCY A. HATCHER, Defendant in Error, v. THE NATIONAL ANNUITY ASSOCIATION OF KANSAS CITY, MISSOURI, Plaintiff in Error.

**Kansas City Court of Appeals, February 2, 1914.**

**JUDGMENTS: Motion to Set Aside.** Where a trial court follows the mandate of an appellate court in entering up a judgment on the record, a motion to set aside such judgment was properly overruled where there was no prejudicial error committed against the defendant.

Error to Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*D. C. Finley* and *F. S. Hudson* for plaintiff in error.

*Scott J. Miller* for defendant in error.

JOHNSON, J.—This case was here on a former appeal and we refer to our reported opinion for an understanding of the facts (153 Mo. App. 538). It will be seen that the point then at issue was whether the amount of the death benefit was to be ascertained by multiplying the total amount the deceased member had paid into the mortuary fund by ten or twenty-three. The trial court used the latter multiplier in the judgment rendered for plaintiff and we held that the contract called for the employment of the former and reversed the judgment and remanded the cause "with directions to the court to render judgment in accordance with this opinion." Following our mandate the court rendered judgment for ten twenty-thirds of the former judgment. Defendant then filed a motion to set aside this judgment on the ground that the court in-

cluded the entire sum of the monthly assessments paid by the deceased, while under the by-laws in evidence, only seventy-five per cent of such payments belonged to the mortuary fund, the remaining twenty-five per cent being set off to the expense fund. This motion was overruled and defendant again brought the case here by writ of error.

Passing over other presented questions we must decide the case against defendant on the ground that the court followed our mandate and in so doing no tenable ground is perceived on which it may be claimed that prejudicial error was committed against defendant. While it is true a by-law was introduced that separated monthly assessments in the manner referred to in defendant's motion, there is substantial and convincing evidence in the record to the effect that the laws and practices of the society prevailing in the period of the membership of the deceased recognized but two funds, i. e., the beneficiary or mortuary and the emergency funds, and that the whole of the proceeds from monthly assessments belonged to and was turned into the mortuary fund.

The court sitting as a trier of fact was justified by the evidence in finding that the laws of the society, which were an integral part of its contract with the deceased, contemplated and intended that the sum of all the assessments paid by him should be taken as the multiplicand in computing the amount of the death benefit.

The judgment is affirmed. All concur.