## H. E. MOLITER, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, April 6, 1914.

1. **NEGLIGENCE: Railroads: Interstate Commerce: Mixed Train: Brakeman.** Plaintiff was a brakeman on a freight train which ran between points in Missouri, but carried one or more cars destined for another state. He was injured while assisting in switching some of these cars at a station. It was *held* that he was engaged in interstate commerce.

2. ———: **Right of Action: Federal Statute: Exclusive.** Where a railway employee is injured while engaged in interstate commerce his right of action is exclusively under the Federal Employer's Liability Act.

3. **PLEADING: Amendment: Law to Law.** When the cause of action stated in the petition is under the common-law or a state statute, and not under the Federal Employer's Liability Act, he cannot amend by stating a cause of action under the latter act without changing from law to law, and that cannot be done.

4. ———: **Cause of Action: State Statute: Common Law. Evidence: Variance.** Where the facts pleaded constitute a cause of action under a state statute, or the common-law and not under the Employer's Liability Act, but the evidence discloses a cause under the latter act, yet, as there is a fatal variance, there can be no recovery.

5. ———: **Motion in Arrest and New Trial: Demurrer to Evidence: Practice.** If defendant's motion for new trial and in arrest make the objection that no recovery can be had on a cause of action not stated in the petition and a demurrer to the evidence is also asked; the point is sufficiently saved for appeal.

Appeal from Clay Circuit Court.—*Hon. Frank P. Divelbiss,* Judge.

REVERSED.

*J. L. Minnis* and *Sebree, Conrad & Wendorff* for appellant.

(1) Plaintiff's petition does not state a cause of action under the Federal Employers' Liability Act of April 22, 1908. Brinkmeier v. Railroad, 224 U. S. 268, 56 Law Ed. 758; Railroad v. Wulf, 226 U. S. 567, 57 Law Ed. 353; Lumber Co. v. Railroad, 216 Mo. 678-679; McKenzie v. Railroad, 216 Mo. 14. (2) Plaintiff's instruction on the measure of damages is erroneous. Federal Employers' Liability Act, sec. 3; Thornton, Fed. Employers' Liab. & Safety Appli. Acts (2 Ed.), sec. 52; Schmidt v. Railroad, 83 Ill. 410; Railroad v. Hotherington, 83 Ill. 510; Railroad v. Dillon, 17 Ill. App. 355; Railroad v. Harwood, 90 Ill. 425. (3) The issue of proximate cause under either Federal or State law. Safety Appli. Act of Congress, sec. 2; U. S. v. Railroad, 157 Fed. 895; Johnson v. Pacific

Co., 196 U. S. 18; Bokamp v. Railroad, 123 Mo. App. 284; Brubaker v. Electric Co., 130 Mo. App. 448; Hull v. Transfer Co., 135 Mo. App. 122; Monday v. Railroad, 136 Mo. App. 696.

*Stivers & Morris* and *W. W. Calvin* for respondent.

(1)   While it is true, as contended by appellant, that plaintiff's petition did not charge that defendant was, at the time of plaintiff's injury, regularly engaged in interstate traffic, yet when it developed in testimony that such was the fact, then the Federal Employers' Liability Act of April 22d, 1908, became applicable, and excluded and superseded all laws which otherwise would have been applicable to plaintiff's cause of action.   Thornton, The Federal Employers' Liability and Safety Appliance Acts (2 Ed.), page 223; Railroad v. Hawley, 123 S. W. 728; Gound v. Railroad, 173 Fed. 527; Smith v. Railroad, 175 Fed. 506; Gikos v. Railroad, 179 Fed. 893.   (2)   The failure, however, of plaintiff to amend his petition, making it to conform to the proof as adduced, constitutes, at best, only harmless error, and affords no sufficient ground for the reversal of this cause; inasmuch as the same did not amount to a material variance, within the meaning of Secs. 1846 and 1847, R. S. 1909; but, granting that the same did constitute a material variance, defendant cannot now complain thereof, inasmuch as it failed to avail itself of its rights, as prescribed by the statute to which reference has just been made.   Choquette v. Railroad, 152 Mo. 257; Hausler v. Stix, 113 Mo. App. 162; Ingwersen v. Railroad, 116 Mo. App. 139; Bank v. Lumber Co., 121 Mo. App. 324; Railroad v. Voelker, supra; Railroad v. Wulf, 226 U. S. 567, 57 Law Ed. 353.

ELLISON, P. J.—Plaintiff was an employee of defendant and was injured in this State by one of its

cars passing over his foot. He brought this action for damages on the ground that, while he was exercising ordinary care, defendant's servants were guilty of negligence. He recovered judgment in the circuit court for $8000, and afterwards entered a remittitur for $500, when judgment was rendered for $7500. The peotition stated a common law action and the cause was submitted to the jury as such character of action and the judgment was rendered in such character of action.

Plaintiff was a brakeman working on a train running between points in this State, but, as shown by the evidence in his behalf, at the time he was injured, his train was composed of freight cars a part of which were from and destined to points within the State and others were destined to points in Illinois, and he was engaged in assisting to switch interstate cars out of the train onto other tracks. In such circumstances he was engaged in interstate commerce. [South. Ry. Co. v. U. S., 222 U. S. 20; Pederson v. Railroad Co., 229 U. S. 146; N. Car. Ry. v. Zachary, 34 S. E. Rep. 305 (decided February 14, 1914); McAdow v. K. C. Western Ry. Co., 164 S. W. 188.] He admits in this court that he was so engaged.

It is conceded by plaintiff that the petition does not state a case under the Employers Liability Act of Congress. But he insists that the evidence in his behalf showed a case under that statute and that thereupon that statute "become applicable and excluded and superseded all laws which would otherwise have been applicable." We agree that where a servant of a carrier is injured while engaged in interstate commerce, his remedy is under the Federal statute. And though he may pursue that remedy in a State court, his cause of action is exclusively under that statute. [Second Employers Liability Cases, 223 U. S. 1; St. L., I. M. & So. Ry. Co. v. Hesterly, 228 U. S. 702; Oliver v. N. P Ry. Co., 196 Fed. 432.]

Plaintiff's action, as stated in his pleading, being either under the common law, or the statute of Missouri and not under the Federal statute, he cannot recover under the latter statute without changing his cause of action from law to law; and that we decided in the McAdow v. K. C. Western Ry. Co., supra, he could not do. [See, also, Union Pac. Ry. Co. v. Wyler, 158 U. S. 285; St. L. & San. F. Ry. Co. v. Seale, 229 U. S. 156.]

Plaintiff's insistence is that if the evidence showed his right of action was under the Federal statute he could recover although no facts constituting such action were pleaded, and although he did not submit the case to the jury under that statute. That idea is no less than a claim that a pleading does not bind the pleader, and, indeed, is unnecessary, since a recovery may be had for the violation of *any* right which the evidence may disclose. The authorities cited by plaintiff in no way support his position. His citation from Thornton's Fed. Employers Liability Act, sec. 140, is the reverse of it. That author says that if, as here, the petition does not disclose that the action is based on the Federal statute then the plaintiff is not seeking to recover on that statute "and the sufficiency of his pleading must be measured by the general State law, the provisions of the (Federal) statute not being involved." The author adds, that, "However, if the evidence discloses the case is under the statute there will be a fatal variance and the plaintiff must fail."

He also cites us to Mo. Kan. & Tex. Ry. Co. v. Wulf, 226 U. S. 570. The case has no application. In that case the original petition alleged facts which constituted a good cause of action under the Employers' Liability Act, though it was averred therein that the action was brought on the statute of Kansas. An amended petition was filed in which was again averred facts which constituted a good cause of action under the Federal statute, but wherein it was alleged that the

plaintiff had a cause of action by virtue of both the Kansas and the Federal statute. The railway company insisted that the amended petition set up a new and distinct cause of action. Of this, the court said: "It seems to us however, that, aside from the capacity in which the plaintiff assumed to bring her action, there is no substantial difference between the original and amended petitions. In the former, as in the latter, it was sufficiently averred that the deceased came to his death through injuries suffered while he was employed by the defendant railroad company in interstate commerce; . . . It is true the original petition asserted a right of action under the laws of Kansas, without making reference to the act of Congress. But the court was presumed to be cognizant of the enactment of the Employers Liability Act, and to know that with respect to the responsibility of interstate carriers by railroads to their employees injured in such commerce after its enactment it had the effect of superseding State laws upon the subject. [Second Employers Liability Cases, 223 U. S. 1, 53.] Therefore the pleader was not required to refer to the Federal act, and the reference actually made to the Kansas statute no more vitiated the pleading than a reference to any other repealed statute would have done."

It will be seen from this quotation that, *first* and *last,* a cause of action was stated on the Federal statute; while in the case at bar, the petition fails altogether to state a cause under that statute.

Defendant made claim against plaintiff's right to recover, even though the evidence did show a case under the Federal statute. This claim was made in the trial court at the close of the evidence, by asking an instruction, in the nature of a demurrer to the evidence, in these words: "The court instructs the jury at the close of all the evidence in this case that under the pleadings and the evidence, your verdict must be for the defendant." This instruction was refused.

Plaintiff then submitted his case to the jury by instructions drawn under his petition and obtained a verdict and judgment under his petition, when his evidence showed a different cause of action—a cause of action under the Federal statute. So the case upon which he wants an affirmance of the judgment is one that has not been submitted to the jury. No judgment was rendered on the case he now brings forward. There was a verdict against defendant for $8000 of which $500 was remitted. In due time defendant filed a motion for a new trial in which one of the grounds set up was that "Under the evidence a Federal question is involved in the construction of the Federal Employers Liability Act of April 22, 1908, and the construction of which by the court was erroneous." The motion, as well as one in arrest, was overruled and judgment rendered for $7500.

The Federal statute (R. S., sec. 709) gives the Supreme Court of the United States jurisdiction to review the judgment of the State courts of last resort only when a right under that statute is "specially set up or claimed." And plaintiff insists that this must be done by answer or other pleading in the cause, otherwise, he says, the right is waived. There is nothing in the statute so restrictive as that. The right given is not a matter of waiver, but of claim and it may be "set up" or "claimed" in any appropriate way, not necessarily by a pleading. In St. Louis & San Francisco Ry. v. Seale, 229 U. S. 156, 158, 160, and in St. L., I. M. & South. Ry. v. McWhirter, 229 U. S. 265, 277, it was done by special exception and the request for a peremptory instruction. And in St. L., I. M. & So. Ry. v. Hesterley, 228 U. S. 702, the claim was not made by pleading. Nor was it in Land & Water Co. v. San Jose Ranch Co., 189 U. S. 177, 179, and Lavagnino v. Uhlig, 198 U. S. 443. Plaintiff has cited us to St. L., I. M. & So. Ry. v. Hesterley, 98 Ark. 240; Bradbury v. Chicago, R. I. & Pac. Ry. Co., 149 Iowa 51, and An-

derson v. L. & N. Ry. Co., 210 Fed. Rep. 689. The first was overruled in 228 U. S. 702, supra. The last is not applicable. It is not a case like the one at bar. The declaration there, as in M., K. & T. Ry. v. Wulf, 226 U. S. 570, supra, stated facts which made a case under the Federal statute. The deceased was killed in Tennessee. He had resided and his widow resided in Kentucky. He had some property in Tennessee when killed, and Anderson was appointed administrator in that State. His widow was appointed administratrix in Kentucky. Anderson brought the suit and defendant objected on the ground that the right of action was in the widow administratrix and that she was the proper party plaintiff. The Federal trial judge held that Anderson could not maintain the action and his suit was dismissed. On his appeal the Court of Appeals reversed the judgment, remarking that it might be thought advisable to permit the administratrix to be substituted as the plaintiff by amendment of the petition. The Bradbury case was an acton on the State law of Iowa in which neither the petition nor the answer referred to the Federal statute, or alleged facts making an action under that statute. The defendant, nevertheless, over plaintiff's objection, introduced evidence showing the action was an interstate case. The trial court struck out this evidence on the ground that whether plaintiff was engaged in interstate commerce, was not an issue. Defendant, then, after all the evidence had been heard, offered to amend its answer so as to make it an issue. The trial court refused the request and the Supreme Court held the ruling was not an abuse of discretion. Notwithstanding the railroad was thus left without pleading or evidence showing plaintiff was injured while engaged in interstate commerce, it asked a peremptory instruction directing a verdict against the plaintiff. It was, of course, refused.

The defendant obtained a writ of error to the Supreme Court of the United States where in a memoranda opinion, November 13, 1911, the writ was "Dismissed for the want of jurisdiction." That ruling was, of course, founded on the fact that no Federal question was in the case. The defendant over plaintiff's objection, undertook to raise such question in evidence when there was no pleading upon which to rest it.

This case is wholly unlike that. Here, as has been stated, the plaintiff himself affirmatively proved that he was engaged in interstate commerce and defendant, seeing that a case was proven which was exclusively cognizable under the Federal Employers Liability Act, asked the peremptory instruction referred to. The court refused it and submitted the case under another law and thus deprived defendant of a trial under the Federal statute.

However, the right must be "specially set up or claimed at the proper time in the proper way." [Spies v. Illinois, 123 U. S. 131, 181; Brown v. Massachusetts, 144 U. S. 573, 579.] And the proper time and proper way is before final judgment and in the trial court. [Erie R. R. Co. v. Purdy, 185 U. S. 148, 154; Miller v. Texas, 153 U. S. 535, 538; Morrison v. Watson, 154 U. S. 111, 115.] And it must be *unmistakably* set up or claimed and not left to inference. [Oxley Stave Co. v. Butter Co., 166 U. S. 648, 654, 655.] Though this does not make it necessary and "it is not indispensable, that it should appear on the record, *in totidem verbis,* or by direct and positive statement, that the question was made and the decision given by the court below on the very point; but that it is sufficient, if it be clear, from the facts stated, by just and necessary inference, that the question was made, and that the court below must, in order to have arrived at the judgment pronounced by it, have come to the very decision of that question as indispensable to that judgment." [Crowell v. Randell, 10 Pet. 368.] "That it is not

necessary, that the question should appear on the record to have been raised, and the decision made in direct and positive terms, *ipissimis verbis*; but that it is sufficient if it appears, by clear and necessary intendment, that the question must have been raised, and must have been decided, in order to have induced the judgment." [Ib. 398.] While the right must be unequivocally claimed and "pointed out, it has never been held that this should be done in express words." [Bridge Proprietors v. Hoboken Co., 1 Wall. 116, 143.]

But, in the latest utterances of the Supreme Court of the United States it is decided that a Federal question will be regarded as properly raised at the proper time and place in instances where the State court of last resort holds that such "question is made before it, according to its practice, and proceeds to determine it." [Miedreich v. Lauenstein, 232 U. S. 236, 34 S. C. Rep. 309.] In North Carolina Ry. Co. v. Zachary, 232 U. S. 248, 34 S. C. Rep. 306, 308, it was held that as "the highest court of the State either decided or assumed that the record sufficiently presented a question of Federal right, and decided against the party asserting that right, the decisions of this court render it clear that it is our duty to pass upon the merits of the Federal question." And the same court in St. L., I. M. & So. Ry. v. Hesterley, 228 U. S. 702, supra, said in answer to an objection that the Federal question was not specifically raised, that as the Supreme Court (of the State) treated the request "for a ruling that the plaintiff could not recover damages for pain," as intended to raise the question, the objection was not an open one in that court.

Now we have no doubt that under the practice in this State defendant's demurrer to the evidence presenting the objection that "under the pleadings and the evidence" a verdict could not be found against it, was sufficiently specific. It refers to the petition which was drawn under the superseded State law and to the

evidence which showed a case under the Federal stat-
ute only, and thereby specifically stated that that char-
acter of evidence did not show a liability under that
character of pleading.  In this view we are borne out
by the recent decision in Vaughn v. St. Louis & San
Fran. Ry. Co., 177 Mo. App. 155, 164 S. W. l. c. 148,
and St. L., I. M. Ry. v. McWhirter, 229 U. S. 265, 277.

But if that were not true, the claim was made, in
terms, in the motion for new trial, as we have above
set out.  This was before the judgment, since a judg-
ment is not, considered to be rendered until the mo-
tion for new trial is overruled (Scott v. Scott, 44 Mo.
App. 600; s. c., 104 Mo. l. c. 423); and notwithstand-
ing the evidence had been heard, it being, as we have
already seen, a matter of claim and not of waiver, it
was in time.  As is stated by TRIMBLE, J., in Vaughn v.
St. L. & San. Fran. Ry. Co., supra, the trial court must
have considered that the Federal statute was invoked
and ruled against it.

But it is said that conceding the error herein
pointed out, the judgment should nevertheless be af-
firmed and the cause remanded to the end that the
petition be amended to conform to the proof.  We think
there is no authority for such course.  The defect in
plaintiff's case is not a mere variance; it is a total
failure to prove the cause of action alleged.  "In short,
the case pleaded was not proved and the case proved
was not pleaded."  [St. L. & San. Fran. Ry. Co. v.
Seale, 229 U. S. l. c. 161.]  This is made manifest by
the suggestion that under plaintiff's petition contribu-
tory negligence does not affect the measure of his dam-
ages and only goes to defeat the action; while under
the Federal statute it does not defeat the action, but
does affect the measure of damage.

It is next insisted that if that be true, yet the
judgment should not be reversed outright, but the
cause should be remanded, that plaintiff might file an
amended petition setting up a cause of action on the

Federal statute, and go to trial on the amended pleading. In our opinion the law in this State does not give plaintiff that right. [Hausberger v. Pac. R. R. Co., 43 Mo. 196; Scovill v. Glasner, 79 Mo. 449; Cytron v. Transit Co., 205 Mo. 699; Walker v. Railroad, 193 Mo. 453; Clothing Co. v. Railroad, 71 Mo. App. 241; Stewart v. Vanhorne, 91 Mo. App. 647.] The proof required in a case under the Federal statute is not merely different in quantity, but it is different in *character*. Under that statute, the evidence must show that the train was in use in interstate commerce and that the plaintiff was engaged in service in such commerce, while in an ordinary action that character of evidence would be irrelevant. In an ordinary action in this State, whether statutory or at common law, as stated above, a defense exists which is not allowed in an action under the Federal statute; that is, in the ordinary action contributory negligence may be shown in total bar of the action, while, in an action on the Federal statute, such negligence is only in reduction of damages. So, if plaintiff should die before trial, the action would survive to different beneficiaries. In the ordinary action, to the husband or wife; and if there be no husband or wife then to the minor children; and if there be none, then to the father and mother, or the survivor; then, if there be none, the action may be maintained by the administrator for the estate. While under the Federal statute the action is for the benefit of the widow, children, parents, proportionately, a limitation not recognized by our State statute. [North Carolina R. R. Co. v. Zachary, 232 U. S. 248, 34 S. C. Rep. 305; St. L. & San. Fran. Ry. Co. v. Seale, 229 U. S. 156, 158, 162.

It follows from the foregoing considerations that the judgment should be reversed. All concur.