7248. SAVANNAH AND NORTHWESTERN RAILWAY *v.* ROACH, administratrix.

1. Every question of negligence in this case was clearly and correctly submitted by the court to the jury.
2. The amount of damages found by the jury was authorized by the evidence and approved by the judge, and this court will not interfere.
3. Where an employee of a common carrier was killed while both he and the carrier were engaged in interstate commerce, and an action against the carrier for damages on account of his death was brought under the State law by his administratrix, and at the term of court at which the case was tried the defendant amended its plea and alleged that at the time the decedent received the injuries that resulted in his death both he and the defendant were engaged in interstate commrce, and that the "case comes within the terms of, and is to be determined by, the provisions of the Federal statute" (the "employer's liability act"), and the case was tried under the provisions of that act, and the entire charge of the court was based thereon, the defendant was not deprived of any right under the Federal law, and the court did not err in giving the defendant that for which it asked by its plea.
4. The excerpts from the charge of the court, embraced in the motion for a new trial, are not erroneous when read in connection with the entire charge.
5. There was evidence to support the verdict.

DECIDED FEBRUARY 16, 1917.

Action for damages; from city court of Springfield—Judge Shearouse. December 21, 1915.

*Hitch & Denmark, Y. E. Bargeron,* for plaintiff in error.

*Oliver & Oliver,* contra.

BLOODWORTH, J. Mrs. Maggie Roach, as administratrix, brought suit for the benefit of herself and her child against the

Savannah & Northwestern Railway, for the death of her husband. At the time of receiving the injury that caused his death he was an engineer in charge of an engine and tender going to where cars had been wrecked. One of the wrecked cars was loaded with coal and was en route from Danville, Virginia, to Waynesboro, Georgia. The suit as originally brought consisted of two counts, the first being brought under the Federal "employer's liability act," and the second under the State law. Before proceeding to the second trial, at which the verdict now complained of was rendered, the plaintiff struck from her petition the first count and all the amendments thereto, and the case proceeded on the second count. At the second trial the defendant amended its plea and alleged that at the time of the injuries complained of, the engineer and the defendant were engaged in interstate commerce.

1. The charge of the court was comprehensive and correct, completely covering every issue of negligence; and questions of negligence are peculiarly for the jury. The plaintiff in error insists that a new trial should be granted "because the injuries to and death of plaintiff's husband were attributable not to the causes alleged in the petition, but to his voluntary use of liquors and to his intoxicated or semi-intoxicated condition at the time of the accident." Whether or not the deceased was intoxicated was a question for the jury, to be considered along with all the evidence, to determine whether or not he exercised ordinary care, and his intoxication alone would not relieve the defendant of any negligence shown. In the case of Robinson v. Pioche, 5 Cal. 460, upon an exception to the charge in the court below to the effect that if the intoxication of the plaintiff was the cause of the injury he could not recover, Heydenfeldt, J., in delivering the opinion of the court for reversal, said: "If the defendants were at fault in leaving an uncovered hole in the sidewalk of a public street, the intoxication of the plaintiff can not excuse such negligence. A drunken man is as much entitled to a safe street as a sober one, and much more in need of it."

2. Under the facts in this case we are not authorized to set aside the verdict as excessive. The evidence shows that at the time of the death of the engineer he was forty-seven years old, that he was in good physical and mental condition, and that "he gave the

greater part of his earnings to his family." If he earned $150 a month the wife got $125 of it. If he earned $200 she got $175 of it, and sometimes over that. When viewed in the light of this and other evidence we do not see our way clear to set aside the verdict as excessive, as there is nothing in the record to show prejudice or bias on the part of the jury, and it has the approval of the trial judge. In this connection attention is called to the case of the *Realty Bond & Mortgage Co.* v. *Harley,* ante, 186 (91 S. E. 254), in which this question is discussed at some length.

3. Plaintiff in error insists that the plaintiff in the court below did not prove her case as laid, the contention being that "the case, if any, that was proven was under the Federal statute," and "the Federal count of the petition had been stricken on plaintiff's motion," and "the plaintiff had elected to proceed on the second count alone." To support the contention stated above, plaintiff in error cites the case of St. Louis &c. Ry. Co. v. Seale, 229 U. S. 156 (33 Sup. Ct. 651, 57 L. ed. 1129, Ann. Cas. 1914C, 156), and that of Moliter v. Wabash R. Co., 180 Mo. App. 84 (168 S. W. 250). The two cases above referred to are entirely different from the one under consideration. In the Moliter case the plaintiff, who was a brakeman engaged in interstate commerce, sued for damage caused by one of the defendant's cars passing over his foot. The petition stated a common-law action and the case was presented to the jury as such character of action, and the judgment was rendered as in such character of action. The court said: "Plaintiff's insistence is that if the evidence showed his right of action was under the Federal statute, he could recover although no facts constituting such action were pleaded, and although he did not submit the case to the jury under that statute. . . Here, as has been stated, the plaintiff himself affirmatively proved that he was engaged in interstate commerce, and defendant, seeing that a case was proven which was exclusively cognizable under the Federal employer's liability act, asked the peremptory instruction referred to. The court refused it and submitted the case under another law, and thus deprived defendant of a trial under the Federal statute." It will be noted from the above that in the Moliter case the case was submitted under the petition as originally drawn, and this "deprived the defendant of a trial under the Federal statute." In the Seale case the suit was brought by the widow

and parent of the deceased employee, and was tried under the Texas statute, when it should have been "brought by deceased's personal representatives under the Federal statute." "When the evidence was adduced it developed that the real case was not controlled by the State statute, but by the Federal statute. In short, the case pleaded was not proved, and the case proved was not pleaded." It will be seen that there was nothing in the pleadings to show that the Federal statute was involved, that the case was not tried under the Federal statute, but under the State statute, and it was remanded "for further proceedings not inconsistent with this opinion, but without prejudice to such right as a personal representative of the deceased may have." In the case under consideration the petition was under the State statute, but there was a plea that the deceased and the defendant were engaged in interstate commerce at the time the deceased received the injuries complained of, the plea concluding with the statement that "the above-stated case comes within the terms of and is to be determined by the provisions of the Federal statute." In addition to this, the brief of plaintiff in error states that "the case was tried under the Federal law on the State count." In the brief of defendant in error it is stated: "It was conceded by both parties that the Federal employer's liability act of 1908 applied, and the case was tried under that law." In charging the jury the judge stated: "It is admitted by the attorneys for both parties that the deceased and the railroad company for which he was working at the time he met his death were engaged in interstate commerce,—that is, both the deceased and the company were engaged in work connected with the carrying of freight and passengers into another State or in furtherance thereof, and the law of the Congress of the United States, known as the Federal 'employer's liability act' would be controlling;" and the judge based his charge on the Federal statute.

Before a reversal of the judgment of the court below can be obtained on the ground that there has been a denial of right under the Federal statute, the plaintiff in error must demonstrate that this right was denied. As illustrating the principle involved, attention is called to the following cases: The case of Nashville &c. Ry. v. Anderson, 134 Tenn. 666 (185 S. W. 677), was a suit brought in the circuit court of Davidson county, Tennessee, by a

switchman. The declaration as originally filed was founded on the Georgia statute regulating the right of recovery for wrongful death, and contained no reference to interstate commerce. Among the pleas filed by the defendant was one setting out that it was a common carrier, and that the deceased was a servant employed in operating a car engaged in interstate commerce when he met his death. In the decision it was said: "That deceased was not engaged in intrastate commerce, but interstate commerce, was fully made to appear by the aforesaid plea interposed to the declaration by the defendant below, and we-agree with counsel for the administrator that this plea of the railway company supplied the omission in the declaration and made the interstate character of deceased's service obvious in the pleading. No issue was ever made on the facts alleged in said plea. . . Matters of substance omitted from a declaration may be cured by plea." In the case of United States *v.* Morris, 10 Wheaton, 246 (6 L. ed. 314), the Supreme Court of the United States held that a defective plea might be aided by a replication, just as a defective declaration might be aided by a plea. "If a necessary allegation is omitted from a pleading and the missing allegation is either alleged or admitted by the pleadings of the adverse party, the defect is cured. . . Thus the defective statement or entire omission of a material fact by the plaintiff in setting up his cause of action is cured by an allegation or admission of the fact in the plea or answer." 31 Cyc. 714, 715. The case of White's adm'x *v.* C. V. R. Co., 87 Vt. 330 (89 Atl. 618), is one where suit was brought against the railroad company for damages on account of the death of a brakeman, in which none of the counts contained an averment showing that the train on which the intestate was injured was being operated as an interstate train; nor was it shown that he was employed by the defendant in such commerce, without which character of employment there could be no right of action under the Federal employer's liability act. The defendant pleaded in bar, alleging that at the time of the injury complained of it was, and ever since had been, a common carrier engaged in interstate commerce. The plaintiff filed a replication, and averred that under the laws of the United States and of the State of Vermont, the court had full and complete jurisdiction of the matters and things set forth in the plaintiff's declaraion, to determine according to law. To this re-

plication the defendant demurred alleging among other things: "The declaration purports to cover damages under the laws of the State of Vermont, while the replication contends that the action should be under the Federal employer's liability law." The court held that by this plea the defendant expressly supplied the omission in the declaration, essential to a good cause of action under the Federal statute, saying: "A declaration that is bad for lack of essential averments is made good by a plea that supplies those averments." In the case of *Southern Ry. Co. v. Ansley, 8 Ga. App.* 325 (68 S. E. 1086), the petition was based upon the Alabama law and the case tried under the Alabama law, and the jury was instructed solely with reference to the Alabama law, yet the verdict was allowed to stand because of the fact that the defendant was not injured, Judge Russell saying: "Mere error does not require the grant of a new trial. To set aside a verdict sustained by evidence, the error of which complaint is made must be shown to have been injurious to the complaining party, or at least appear to have affected some of his rights." In the case at bar the court had jurisdiction, it was tried under the Federal statute, and no injury resulted to the plaintiff in error therefrom. "Paramount to every other consideration is the rule which requires that injury shall concur with error, before the finding of a jury should be set aside." It will thus be seen that there is no merit in the contention of plaintiff in error that "the case that was pleaded was not proven, and the case, if any, that was proven, was not pleaded."

4. The charge complained of in reference to the amount which plaintiff could recover is but a part of the instructions given on this point. When all of the charge relating to this subject is considered there is no error. The charge measures up to the requirements of the Federal law, and there are no objectionable additions thereto.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*