## WALLS v. GUY.

(Court of Appeals of District of Columbia.
Submitted December 8, 1924.  Decided
March 2, 1925.)

No. 4118.

**1. Property ⊘⇒9—Title to premises held sufficiently established to support action for negligence.**

In action for negligence in construction of basement in manner causing building to collapse, proof of plaintiff's possession, supplemented by defendant's admission of plaintiff's ownership involved in contract and his conduct in regard thereto, *held* to create presumption of ownership in plaintiff sufficient to sustain action, in absence of any evidence to contrary.

**2. Judgment ⊘⇒266 — Motion in arrest on ground not apparent on record held properly denied.**

In action against contractor for negligence causing collapse of building, defendant's motion in arrest of judgment on ground that plaintiff had divested himself of title to premises before contract was made, unsupported by face of record, *held* properly denied.

**3. Judgment ⊘⇒266—Motion in arrest appropriate only to reach defects apparent on record.**

Motion in arrest of judgment is appropriate only where errors or defects are apparent on face of record, and will not be entertained where affidavits or statements of counsel or other proof is required to sustain it.

Appeal from Supreme Court of District of Columbia.

Action by Nathaniel L. Guy against Norris Walls.  Judgment for plaintiff, and defendant appeals.  Affirmed.

G. C. Gertman, of Washington, D. C., for appellant.

B. L. Gaskins, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

HATFIELD, Acting Associate Justice. The appellee, Nathaniel L. Guy, brought suit in the court below as plaintiff against the appellant, Norris Walls, as defendant, to recover damages alleged to have been sustained by plaintiff, by reason of the failure of defendant to properly carry out the terms of a contract entered into by the parties for the construction of a basement or cellar, under a certain dwelling house occupied by plaintiff.

It is alleged in the amended declaration that the defendant held himself out to the public and to plaintiff as being possessed of great skill and experience in the business of the construction of cement basements, and that he had been engaged in such business for a long period of time prior to the 24th day of January, 1920; that on the 24th day of January, 1920, plaintiff was in lawful possession of a dwelling house situated in the District of Columbia, of the value of $5,000; that the house was used by himself and family as a residence; that on that date he entered into a contract with defendant, by the terms of which it was agreed by the defendant that he would construct a cement basement or cellar under the building for a reasonable compensation to be paid by plaintiff; that in accordance with the terms of the agreement the defendant entered upon the work of constructing a basement and made a large excavation under the building; that by reason of the negligence of defendant, and the unworkmanlike manner in which he performed his duties in excavating thereunder, the building collapsed and fell into the excavation made by the defendant, and was wholly demolished and destroyed, the plaintiff being thereby deprived of the use and enjoyment thereof.  Plaintiff asked damages for the value of the building in the sum of $5,000, for the recovery of $4,000, money expended in restoring the building, and $1,000 expended in procuring "other and necessary habitations and dwellings for himself and family."

On the trial of the case the plaintiff testified that he was in lawful possession of the property; that he entered into a contract with the defendant for the construction of a cement basement under the dwelling house; that the defendant made a large excavation thereunder and continued with the work until the building collapsed.  Plaintiff and other witnesses testified that prior to the damage complained of the building was of the value of $3,000 to $4,000.  Evidence was introduced tending to prove that the collapse of the building was due to the negligent manner in which the defendant performed his work.

The plaintiff rested his case without the introduction of evidence as to the other claims of damage made in the amended declaration.  The defendant moved the court for a directed verdict on two grounds: First, that the plaintiff had failed to offer evidence tending to prove that he was the owner of the damaged building; second, that there was

not sufficient evidence to establish that the collapse of the building was due to the negligent manner in which the defendant had done the work entrusted to him. The court overruled the motion. Exceptions were taken to the ruling of the court.

The defendant submitted evidence for the purpose of controverting the claim of negligence and to prove that the work in connection with the construction of the basement had been properly performed. The jury rendered a verdict for the plaintiff in the sum of $1,000. The defendant's motion for a new trial was overruled, as was his motion in arrest of judgment, and judgment was entered on the verdict of the jury.

It is urged by the appellant that in order to recover damages for the destruction of the building, on evidence of its value, it was necessary for the plaintiff to have established that he was the owner thereof. The case of California Dry Dock Co. v. Armstrong et al. (C. C.) 17 F. 216, is cited as authority for appellant's position. The court held in that case, which was an action in trespass, that, if leased premises are injured by a stranger, he is liable to the tenant for injury to the possession, and to the owner of the freehold for any injury thereto; that the right of the tenant is distinct from that of the owner, and satisfaction of the claim of the one is no bar to the action of the other.

The question of ownership of the premises was not in issue in that case. It was alleged in the declaration and admitted by the defendant that plaintiff was the owner of a leasehold estate in the lands, and was not the owner of the freehold. In this case we are confronted with an entirely different situation. The amended declaration contains an averment that plaintiff was in lawful possession of the premises. This was substantiated by evidence on the trial.

The defendant by his plea, the general issue, denied that plaintiff was in lawful possession of the premises. The defendant did not introduce evidence on that question on the trial of the case, nor did he offer any evidence as to ownership of the property. Had he desired to raise the question of ownership, he might have done so by plea to the amended declaration, and by the introduction of proper evidence on the trial.

[1] Proof of possession of the premises by the plaintiff, supplemented by the admission of the defendant, which is involved in the contract and in his conduct in regard thereto, of plaintiff's ownership of the premises, or his right to contract in regard there-

to, created the presumption that plaintiff was the owner of the freehold, and in the absence of any evidence to the contrary was sufficient proof of title to maintain the action. Bradshaw v. Ashley, 180 U. S. 59, 21 S. Ct. 297, 45 L. Ed. 423.

[2] The defendant filed a motion in arrest of judgment, in which it was alleged: First, that the allegation of lawful possession of the premises contained in the amended declaration, was not sufficient averment of ownership; second, that plaintiff had divested himself of title to the premises and was not the owner of the freehold at the time the contract was entered into by the parties, nor since that time. The motion was supported by an affidavit of counsel for defendant, in which among other things it was stated that counsel had not discovered that plaintiff was not the owner of the premises until after the trial of the case. A deed of trust from plaintiff to his wife under date of November 3, 1917, was attached to the affidavit.

[3] A motion in arrest of judgment is appropriate for errors or defects which are apparent on the face of the record. It is not appropriate, and will not be entertained, where affidavits, statements of counsel, or other proof is required to sustain it. Brown v. Massachusetts, 144 U. S. 573, 12 S. Ct. 757, 36 L. Ed. 546.

The judgment is affirmed, with costs.