## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAIL-WAY COMPANY *v.* HESTERLY, ADMINISTRATOR.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 297.    Argued May 6, 1913.—Decided May 26, 1913.

When the state court has overruled an objection that the Federal right was not clearly presented, the objection is not open in this court.

*Quære*, whether plaintiff can sue upon a statute of one jurisdiction when the action can be maintained only on that of another.

In a suit for personal injuries resulting in the death of plaintiff's intestate, plaintiff sued an interstate carrier on two counts, one for pecuniary loss to next of kin and the other for injury and pain sustained by the intestate before death. There was a recovery on both counts which the Supreme Court of the State sustained on the ground that the Employers' Liability Act was only supplementary and the judgment could be upheld under the state law. *Held* error and that:

In a suit for personal injuries against an interstate railway carrier, plaintiff, not defendant, has the election how the suit shall be brought.

The Federal Employers' Liability Act supersedes state laws in the matters with which it deals, including liability of carriers while engaged in commerce between the States for defects of cars.

In case of death of an injured employé, the only action under the Federal Employers' Liability Act of 1908 is one for the benefit of the next of kin; there can be no recovery for the pain suffered before death.

The Employers' Liability Act as amended in 1910 saves the rights of the injured employé but allows only one recovery; the act as amended

not having a retroactive effect does not apply where the death occurred prior to the amendment.

98 Arkansas, 240, reversed.

THE facts, which involve the construction of the Employers' Liability Act of 1908 and the extent to which it superseded state statutes, are stated in the opinion.

*Mr. W. E. Hemingway,* with whom *Mr. Martin L. Clardy* and *Mr. Thos. B. Pryor* were on the brief, for plaintiff in error.

*Mr. Joseph M. Hill, Mr. James Brizzolara* and *Mr. Henry L. Fitzhugh,* for defendant in error, submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for personal injuries resulting in the death of the plaintiff's intestate. There are two counts, the first for the pecuniary loss to the next of kin, laid at $5,000, the other for the injury and pain suffered by the intestate, laid at $25,000. The death was caused by a defect in a car on which the intestate was a brakeman, the car being part of a train running from Van Buren, Arkansas, to Coffeyville, Kansas. The jury found a verdict for the plaintiff for $2,000 on the first count and for $10,000 on the second. The Supreme Court of the State sustained the judgment on condition of a remittitur of $5,000; this was entered and judgment was rendered for $7,000. At the trial the defendant asked for a ruling that the plaintiff could not recover damages for pain under the second count, which was denied subject to exception. The Supreme Court treated the request as intended to raise the question whether the Employers' Liability Act of Congress of April 22, 1908, c. 149, 35 Stat. 65, displaced the state law, as undoubtedly it was; stated that the suit was

not based upon that act, and held that the act of Congress was only supplementary, and that the judgment could be upheld under the state law. 98 Arkansas, 240.

The plaintiff contends that the claim of right under the law of the United States and against that under the law of the State was not presented with clearness enough to save it. But as the Supreme Court held the question sufficiently raised and decided it, that objection is not open here. *San José Land & Water Co.* v. *San José Ranch Co.*, 189 U. S. 177, 180; *Eau Claire Nat. Bank* v. *Jackman*, 204 U. S. 522, 533.

The same answer may be given to the suggestion that the defendant is estopped by having pleaded contributory negligence and thus having relied upon the state law. Moreover, the plaintiff, not the defendant, had the election how the suit should be brought, and as he relied upon the state law, the defendant had no choice, if it was to defend upon the facts. Whether the defendant could have defeated the first count also on the ground that the plaintiff was suing upon a statute of one jurisdiction, whereas the action could be maintained only on that of another, need not be decided, since the defendant asks reversal of only so much of the judgment as rests on the second count. Hence it is unnecessary to consider whether the principle of *Union Pacific Ry. Co.* v. *Wyler*, 158 U. S. 285, or that of *Missouri, Kansas & Texas Ry. Co.* v. *Wulf*, 226 U. S. 570, 577, should be applied. See further *Troxell* v. *Delaware, Lackawanna & Western R. R. Co.*, 227 U. S. 434, 442. *Northern Pacific Ry. Co.* v. *Slaght*, 205 U. S. 122, 131. *United States* v. *Dalcour*, 203 U. S. 408, 423.

Coming to the merits it now is decided that the act of Congress supersedes state laws in the matter with which it deals. *Mondou* v. *New York, New Haven & Hartford R. R. Co.*, 223 U. S. 1, 53–55. *Missouri, Kansas & Texas Ry. Co.* v. *Wulf*, 226 U. S. 570, 576. *Michigan Central R. R. Co.* v. *Vreeland*, 227 U. S. 59, 67. The act deals with

the liability of carriers, while engaged in commerce be-
tween the States, for defects in cars. Section 1. In the
case of death the only action is one for the benefit of the
next of kin. Section 1. *Michigan Central R. R. Co.* v.
*Vreeland,* 227 U. S. 59, 67, 68. *American R. R. Co.* v.
*Didricksen,* 227 U. S. 145, 149. *Gulf, Colorado & Santa Fé
Ry. Co.* v. *McGinnis,* 228 U. S. 173, 175. Therefore the
ruling of the state court was wrong. The amendment of
April 5, 1910, c. 143, § 2, 36 Stat. 291, in like manner al-
lows but one recovery, although it provides for survival of
the right of the injured person. The amendment, how-
ever, does not apply to this case, as the death occurred in
August, 1909.

*Judgment reversed.*