8881

JONES v. CHARLESTON & W. C. RY. CO.

(82 S. E. 415.)

1. The provisions of the Federal Employers' Liability Act (35 U. S. Stat. at Large 65, chap. 149; U. S. Comp. Stats. Supp. 1911, p. 1132) cover the entire subject of the liability of railroad companies to their employees while engaged in interstate commerce, and supersede the prior State law upon that subject.

2. In an action for the death of an unmarried man whose father and mother were dead, evidence that a brother, who was a farmer, had been and was at the time of the trial sick and unable to work, with no evidence that deceased had ever contributed anything to his support or given him anything or rendered him any service of pecuniary value or that his condition and circumstances were such that deceased would probably have felt impelled by the ties of affection to render him any service or assistance of pecuniary value, did not make a question for the jury as to whether the brother was dependent on deceased within the Federal Employers' Liability Act, April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322).

Before PRINCE, J., Abbeville, March, 1913.    Affirmed.

Action by W. P. Jones, as administrator of E. D. Clary, deceased, against Charleston & Western Carolina Railway Company for the wrongful death of intestate.    At the close of the testimony the defendant moved the Court to direct a verdict in this case upon the following grounds:

1. The cause of action sued on in this case is based upon the statute laws of the State of South Carolina, whereas the testimony shows that plaintiff's intestate was an interstate employee engaged in interstate commerce on an interstate train, actually engaged in interstate business, at the time of his alleged injury, and therefore he has no cause of

FOOTNOTE.—See note in 47 L. R. A. (N. S.) 38 *et sequa,* on the constitutionality, application and effect of Federal Employers' Liability Act, and supplementary note in 48 L. R. A. (N. S.) 987, 988; and also decision in *Bramlett* v. *So. Ry. Co., post.*    As to who is "dependent" on a workman, within the meaning of the English Workmen's Compensation Act, see *Lee* v. *Owner of Ship Bessie* (1912), 1 K. B. 83; Ann. Cases 1913, E. 477, and note.

action, except under the federal statute, and there is, there-
fore, a fatal variance between the cause of action sued on
and the cause proved.

2. That the undisputed testimony shows that the plain-
tiff's intestate, at the time of his injury and death, was in
the employ of the defendant on an interstate train running
from Augusta, Georgia, to points within the State of South
Carolina, and handling interstate commerce, and that he
was actually injured and killed by cars loaded with freight
moving in interstate commerce in attempting to uncouple
the same for the purpose of expediting the interstate
journey, and, therefore, he has no cause of action, except
under the acts of Congress which are exclusive in this case
and, on that account, there can be no recovery under any
State statute or law.

3. That under the acts of Congress, applicable in this
case, there can be no recovery in this case for the alleged
beneficiaries for the reason that no cause of action is given
for the benefit of the brothers or sisters, unless they were
dependent upon the interstate employee, and, in this case,
there is no evidence that they were dependent either wholly
or partially.

4. The right of action is given to the personal represen-
tative for the benefit of certain designated parties, and where
it is for the benefit of the next of kin, as in this case, the act
requires that they must be dependent upon the intestate in
whole or in part, and the record in this case shows that
neither the brother nor sister, for whose benefit alone this
action was brought, were dependent upon intestate within
the meaning of said act of Congress, and, therefore, there
can be no recovery in this case on account of the death of the
intestate for the benefit of the sister or brother.

5. That, under the act of Congress, there can be no
recovery for the benefit of the sister and brother unless there
be some proof of the damages which they have sustained,
and, under the said act, these damages are limited to pecuni-

ary loss, and in this case there is no evidence that either the brother or sister, for whom this action is brought, have suffered any pecuniary damages, and, therefore, there can be no recovery on account of the death of the intestate.

Judge Prince directed a verdict for the defendant for the two reasons:

First: Because there is now no State law providing for compensation for the wrongful death of one who meets his death while engaged in interstate commerce.

Second: That plaintiff's proof did not show, nor did it tend to show, that there was next of kin dependent upon deceased for support or any part thereof.

The plaintiff moved for a new trial, which was refused.

Plaintiff appealed on the following grounds and exceptions:

1. His Honor erred in granting defendant's motion to direct a verdict on the first ground upon which said motion was made, to wit: "The cause of action sued on in this case is based upon the statute laws of the State of South Carolina, whereas the testimony shows that plaintiff's intestate was an interstate employee engaged in interstate commerce on an interstate train, actually engaged in interstate business, at the time of his alleged injury, and therefore he has no cause of action, except under the federal statute, and there is, therefore, a fatal variance between the cause of action sued on and the case proved."

The error being in holding that the plaintiff has no cause of action, except under the federal statute and in holding that the plaintiff has no cause of action in this case under the statute law of the State of South Carolina.

2. His Honor erred in granting defendant's motion to direct a verdict on the second ground upon which said motion was made, to wit: "That the undisputed testimony shows that plaintiff's intestate, at the time of his injury and death, was in the employ of the defendant on an interstate

train running from Augusta, Georgia, to points within the State of South Carolina, and handling interstate commerce, and that he was actually injured and killed by cars loaded with freight moving in interstate commerce in attempting to uncouple the same for the purposes of expediting the interstate journey, and, therefore, he has no cause of action, except under the acts of Congress, which are exclusive in this case, and, on that account, there can be no recovery under any State statute or law."

The error being in holding that in this case the act of Congress is exclusive, and that the plaintiff in this case has no cause of action under the statute law of South Carolina.

3. His Honor erred in granting defendant's motion to direct a verdict on the third and fourth grounds upon which said motion was made, to wit:

"(3) That under the acts of Congress, applicable in this case, there can be no recovery in this case for the alleged beneficiaries for the reason that no cause of action is given for the benefit of the brothers or sisters, unless they were dependent upon the intestate employee, and, in this case, there is no evidence that they were dependent, either wholly or partially.

"(4) The right of action is given to the personal representatives for the benefit of certain designated parties, and where it is for the benefit of the next of kin, as in this case, the act requires that they must be dependent upon the intestate in whole or in part, and the record in this case shows that neither brother nor sister, for whose benefit alone this action was brought, were dependent upon intestate within the meaning of the said act of Congress, and, therefore, there can be no recovery in this case on account of the death of the intestate for the benefit of the sister and brother."

The error being in holding that there was no evidence in this case that the brother or sister was either wholly or partially dependent upon the intestate and in holding that

the evidence shows that the brother and sister were neither incapacitated to earn a living, and in holding that the brother and sister must depend upon the intestate for support by reason of incapacity or minority before they can recover.

4. His Honor erred in granting defendant's motion to direct a verdict on the fifth ground upon which said motion was made, to wit: "That under the act of Congress there can be no recovery for the benefit of the sister and brother unless there be some proof of the damages which they have sustained, and, under the said act, these damages are limited to pecuniary loss, and in this case there is no evidence that either the brother or sister, for whom this action is brought, have suffered any pecuniary damages, and, therefore, there can be no recovery on account of the death of the intestate."

The error being in holding that there was no evidence to be submitted to the jury upon the question of nominal damages, and his Honor erred in not submitting the question of nominal damages to the jury.

5. His Honor erred in refusing to grant plaintiff's motion for a new trial on the first ground upon which said motion was made, to wit: "That this case was, under the law, triable under the statute laws of the State of South Carolina."

The error being that this cause of action was based upon the statute laws of the State of South Carolina, and his Honor erred in holding that the plaintiff had no cause of action except under the act of Congress.

6. His Honor erred in refusing to grant plaintiff's motion for new trial upon the second ground upon which said motion was made, to wit: "That even if it was only triable under the Federal Employers' Liability Act, there was testimony sufficient to carry it to the jury."

The error being in his Honor holding that there was no testimony going to prove that the brother and sister were in any way dependent upon the intestate in whole or in part.

7. Because his Honor erred in holding that the act of Congress, known as the Employers' Liability Act, is exclusive of all State laws, whereas he should have held that said act only applies to cases where a deceased employee left some one dependent on him or left some one of the parties enumerated or mentioned in the statute, and does not apply in such cases as the one at bar.

*Messrs. J. Howard Moore* and *C. M. Drummond,* for appellant, cite: 93 U. S. 99; 163 U. S. 299; 6 Wall. 35; 22 How. 227-243; 79 S. E. 700; 218 U. S. 406; 219 U. S. 453; 230 U. S. 352; 187 U. S. 148; 11 Wall. 652; 143 U. S. 457; 138 U. S. 287; 161 U. S. 686; 140 U. S. 148; 15 Sup. Ct. Rep. 423; 169 U. S. 623; 225 U. S. 501.

*Mr. Wm. P. Greene,* for respondent, cites: *Statute exclusive:* 33 Sup. Ct. 651; 227 U. S. 59; 223 U. S. 1; 124 U. S. 465, 473; 228 U. S. 702. *Dependency necessary:* 227 U. S 59; 227 U. S. 145; 228 U. S. 173.

July 16, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This action was brought under the statute of this State, known as Lord Campbell's act (Civil Code, 1912, secs. 3955 to 3958), to recover damages for the alleged wrongful death of plaintiff's intestate, who was killed while in the service of defendant as a brakeman, by being knocked down and run over by some freight cars which he was attempting to uncouple. At the time of the accident the defendant and its said employee were both engaged in interstate commerce. The deceased was a young man, twenty years of age, who had never married. His father and mother were dead, but he left a brother and sister, for whose benefit the action was brought.

The Circuit Court held that the proof brought the case within the Federal Employers' Liability Act (35 U. S. Stat. at L. 65 ch.; 149 U. S. Comp. Stat. Supp. 1911, p. 1132), which superseded the State statute on the same subject, and that there was no evidence that either the brother or sister was dependent on deceased, and directed a verdict for defendant.

Appellant contends that, as the act of Congress gives a right of action in favor of dependent relatives, while the State statute gives the right in favor of relatives, whether dependent or not, the two statutes do not cover precisely the same field, and, therefore, the State statute was not superseded, in so far as it gives a right of action in favor of relatives who are not dependent. This is a misconception of the scope of the legislation of Congress. It deals with the liability of interstate carriers by railroads for injuries to their employees while both are engaged in interstate commerce. It creates and determines that liability. It is paramount and exclusive, and necessarily supersedes the State law upon that subject. Therefore, the liability of such carriers for such injuries must be tested solely by the act of Congress, which cannot be pieced out by the State law on the same subject. *St. Louis etc. Ry. Co.* v. *Hesterly,* 33 Sup. Ct. 703; 228 U. S. 702; 57 L. Ed. 1031, and cases cited: *Wabash R. Co.* v. *Hayes* (U. S.), filed May 25, 1914, 34 Sup. Ct. 729, 234 U. S. 86; *Erie R. Co.* v. *New York,* 34 Sup. Ct. 756; 233 U. S. 671.

It is contended further that, even in this view of the law, the testimony required submission of the case to the jury, because there was testimony from which the jury might have found that the surviving brother was dependent on deceased. The only testimony which is relied upon to sustain that contention was that the brother, who is a farmer, resident in the State of Alabama, had been sick and unable to work for sometime, and was still so, at the time of the trial. But there was no testimony that deceased

had ever contributed anything to his support or maintenance, or had, at any time or under any circumstances, ever given him anything, or rendered him any service of pecuniary value; nor was there anything in the testimony to warrant the inference that he would have done so, if he had lived. Indeed, there was no testimony that the surviving brother's condition or circumstances were such that deceased would probably have felt impelled by the ties of brotherly affection to render him any service or assistance of pecuniary value, if he had lived. There was, therefore, no reasonable ground for expecting any pecuniary benefit to the survivor from the continuance of the life of the deceased. *Gulf etc. Ry. Co.* v. *McGinnis,* 33 Sup. Ct. 426, 228 U. S. 173, 57 L. Ed. 785, and cases cited.

Judgment affirmed.