## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. RODGERS.

### Opinion delivered April 26, 1915.

1. PLEADING—SEPARATE CAUSES OF ACTION—ELECTION.—Plaintiff brought an action to recover damages for wrongful death, for the estate and for the next of kin; *held*, there is no error in refusing to require the plaintiff to elect between the two causes of action.

2. DAMAGES—PERSONAL INJURY ACTION—FORM OF VERDICT.—Where plaintiff brought an action for wrongful death, asking damages for the estate and for the next of kin, deceased being in the employ of defendant railroad company, and engaged in interstate commerce, it is not error for the trial court to refuse to require the jury to apportion the award of damages so as to show what sum they found on the cause of action for deceased's pain and suffering, and the cause of action in favor of deceased's widow and next of kin for their pecuniary loss.

3. NEGLIGENCE—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.—In an action for damages due to personal injuries, when the defendant has raised the issue of contributory negligence, the burden is upon the defendant to show the same by the greater weight of the evidence, and even though deceased was guilty of contributory negligence, that fact would not preclude a recovery, but the jury should reduce the amount of their verdict in proportion to the amount of the negligence attributable to the deceased.

4. DAMAGES—WRONGFUL DEATH—ELEMENTS—CHILD.—Where deceased was killed by the negligence of defendant railroad company, in assessing damages to his minor child, it is proper for the jury to consider as elements of damage the loss of instruction, training and care, which the child has sustained.

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee, as administratrix of the estate of her husband, James Rodgers, deceased, instituted this suit against the appellant to recover damages to the estate and the next of kin, alleging that on the 29th of May, 1913, James Rodgers was in the employ of the appellant as a brakeman on a train engaged in interstate commerce, and at the time of his death was acting as a brakeman on said train; that the train arrived at Gurdon from the south in the night time, and at a point about a half mile south of

the depot, near what is known as the brick yard, the train men ran a caboose upon a sidetrack with such unusual force and at such a high and dangerous rate of speed that Rodgers, who was in the cupola of said caboose where his duties required him to be, was thrown forward against the window in the caboose; that his head was driven through the glass and his throat cut; that he lingered in great agony until about an hour after his injury when he died; that he left surviving him the appellee and two children; that appellee as administratrix, for herself and children and for the benefit of the estate, brings this suit under the act of Congress of April 22, 1908, as amended April 5, 1910; that at the time of his death Rodgers was earning wages at the rate of $75 per month; that he was sober and industrious, and contributed all that he made to the support and maintenance of his family. She prayed for damages to the estate in the sum of $5,000 and to the next of kin in the sum of $6,000.

Appellant moved to require the appellee to elect between the cause of action for the benefit of the estate and the cause of action on account of the loss of pecuniary support. The motion was overruled and appellant duly saved its exceptions.

The appellant answered, denying the material allegations of the complaint, and setting up the affirmative defenses of assumed risk and contributory negligence. The cause was submitted to the jury upon instructions, upon which we will comment in the opinion. There was a verdict in favor of the appellee in the sum of $2,000. After the verdict was read, and before the court had accepted it, both parties being present, the appellant asked the court to direct the jury to apportion the amount of the verdict between the two causes of action for deceased's pain and suffering and for pecuniary loss to the next of kin so as to show what sum they found on each. The court refused to direct the jury to apportion their verdict, and appellant duly excepted.

From a judgment entered in favor of the appellee in the sum of $2,000 this appeal has been duly prosecuted. Other facts stated in the opinion.

*E. B. Kinsworthy, R. E. Wiley* and *T. D. Crawford,* for appellant.

1.    The court erred in refusing to require the plaintiff to elect which cause of action she would prosecute. This question having been determined adversely to our contention in other cases, it is raised now merely to save the question.

2.    It was error, an abuse of discretion, for the court to refuse to require the jury to apportion the award of damages. "Though the judgment may be for a gross amount, the interest of each beneficiary must be measured by his or her individual pecuniary loss. *That apportionment is for the jury to return.*" 228 U. S. 173, 156 Ky. 550.

3.    The third instruction given at plaintiff's request is erroneous. The correct rule is stated in instruction 11, given at appellant's request, and the request for the giving of the latter amounts to a specific objection to the former. 229 U. S. 114; *St. Louis S. W. Ry. Co.* v. *Anderson,* 117 Ark. 41; 104 Ark. 67.

4.    In the fourth instruction given for plaintiff, the court erred in charging the jury that they might consider as one of the elements of damage "the care and attention, instruction and training, one of his disposition and capacity * * * might reasonably be expected to give his wife and children, which was lost to them by his death."

There is nothing in the statute to permit the plaintiffs to recover for the loss of care and attention, instruction and training which deceased might have given his wife and children. 227 U. S. 59. The effect of the instruction, so far as the wife was concerned, was to permit her to recover for the loss of the society of her husband; and a similar objection may be raised as to daughter who is of age and has been living away from home. 13 Cyc. 371; 98 Ark. 413.

5. The court in instruction 6 had told the jury that deceased assumed "the ordinary and usual risks of the occupation." In instruction 7, requested by appellant, they were told that he would be held to have assumed those risks which were known to him or were plainly observable. The court erred in refusing to give this instruction. 220 U. S. 590.

*McRae & Tompkins,* for appellee.

1. A refusal of the court to have the jury apportion the verdict is no cause for complaint on the part of a defendant in a personal injury action of this kind. 101 Ark. 436; *Id.* 424-426; 112 Ark. 305.

While there can be only one recovery, it is none the less true that the action which accrued to the injured party if he had survived can be added to that which accrued on his death to the widow and children, or next of kin. 106 Ark. 421; 227 U. S. 59; 232 U. S. 363. The request to require the jury to apportion the verdict was in the nature of asking a special finding, and such a request comes too late after the return of a verdict. Moreover, it is a matter within the discretion of the court. 38 Cyc. 1915.

2. There was no error in the third instruction. It follows the exact language of the statute, and is free of the objectionable words criticised in the *Earnest* case, 229 U. S. 114, relied on by appellant. Instruction 3 declares the statute, and instruction 11, given for appellant, explains it.

3. There is no error in the fourth instruction. If counsel had by specific objection called the court's attention to the wife being included in the care, attention, instruction, etc., the court might have stricken that word out, but it is too late to raise that question now. The cases cited do not hold that those are improper elements of damages for the wife. 35 U. S. Sup. Ct. Rep. 140, 144; 227 U. S. 59, 71, 73. See also 112 Ark. 305.

Certainly, the wife is entitled to recover for "care and attention" and the jury would know that "instruction and training" applied to the children only.

4. Requested instruction 7 was properly refused. An employee does not assume an extraordinary risk caused by the master's negligence, unless he knows it, *appreciates the danger, and voluntarily exposes himself to the danger.* 103 Ark. 61; 77 Ark. 367; 90 Ark. 555; 98 Ark. 145-150.

WOOD, J., (after stating the facts). We will consider the assignments of error in the order presented by appellant's counsel.

(1) There was no error in refusing to require the appellee to elect between the cause of action for the benefit of the estate and that for the pecuniary loss to the widow and next of kin. *K. C. S. Ry. Co.* v. *Leslie,* 112 Ark. 305-327; *St. Louis & S. F. Ry. Co.* v. *Conarty,* 106 Ark. 421.

(2) There was no error in refusing to require the jury to apportion the award of damages so as to show what sum they found on the cause of action for deceased's pain and suffering and the cause of action in favor of the deceased's widow and next of kin for their pecuniary loss. In *Gulf, Colorado & Santa Fe Ry. Co.* v. *McGinnis,* 228 U. S. 173-176, it is said: "Though the judgment may be for a gross amount, the interest of each beneficiary must be measured by his or her individual pecuniary loss; that apportionment is for the jury to return. This will, of course, exclude any recovery in behalf of such as show no pecuniary loss."

In *St. Louis, I. M. & S. Ry. Co.* v. *Hesterly,* 228 U. S. 702, it is held that under the act only one recovery can be had. And in *Taylor* v. *Taylor,* 232 U. S. 363, it was held that the act under consideration supersedes all State statutes upon the subject covered by it, and that the distribution of the amount recovered in an action for the death of an employee is determined by the provisions of the Federal statute and not by the State laws. See also *Railway* v. *Hesterly, supra.*

There is nothing in any of these decisions that requires that the jury, in returning their verdict, should apportion the damages between the two causes of action, showing the amount allowed for the deceased's pain and suffering and the amount allowed for pecuniary loss to the widow and next of kin. The statute and the amendment, as we construe it, does not require that there should be any such apportionment. It does require that there "shall be only one recovery for the same injury," and the personal representative is entitled to recover only for the benefit of those surviving relatives of the deceased employee who derived pecuniary assistance from him during his life, and who, therefore, were entitled to compensation for the pecuniary loss resulting to them from his death. As was said in the case of *Railway Company* v. *McGinnis, supra,* "The recovery, therefore, must be limited to compensating those relatives for whose benefit the administrator sues as are shown to have sustained some pecuniary loss."

The appellant did not ask the court to instruct the jury that it could find no damages in favor of the daughter of Rodgers, who was of age and who was not shown to have been receiving any pecuniary assistance from her father. The request to apportion the verdict between damages for pain and suffering and damages for the pecuniary loss to the next of kin did not include such request. Appellant did not ask the court to make a ruling to this effect, and it is therefore not in an attitude to complain. No possible prejudice could have resulted to appellant in the ruling of the court refusing to require the jury to apportion the verdict. The amount of the verdict was $2,000. This was not an excessive amount, even though it had been for only one of the causes of action. The evidence was amply sufficient to sustain it as a recovery for the pecuniary loss alone to the widow and infant son.

(3) Objection is urged to the following instruction which was given at appellee's request:

"3. The defendant pleads that the deceased was guilty of contributory negligence. You are told that the burden is upon the defendant to show such contributory negligence, if any, by the greater weight of the evidence. Even if you should believe that the deceased was guilty of contributory negligence, this would not preclude a recovery by the plaintiff; but you should reduce the amount of the verdict in proportion to the amount of the negligence attributable to the deceased."

This instruction follows the language of the statute on the subject of contributory negligence. The court granted the appellant's prayer No. 11, telling the jury, in effect, that where the deceased's negligence contributed to his injury that "the damages should be diminished in the proportion that deceased's negligence bears to the combined negligence of the deceased and the defendant."

In *Norfolk & Western Ry. Co.* v. *Earnest,* 229 U. S. 114-122, it is said: "The statutory direction that the diminution shall be 'in proportion to the amount of negligence attributable to such employee' means, and can only mean, that, where the causal negligence is partly attributable to him and partly to the carrier, he shall not recover full damages, but only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both; the purpose being to abrogate the common law rule completely exonerating the carrier from liability in such a case and to substitute a new rule confining the exoneration to a proportional part of the damages corresponding to the amount of negligence attributable to the employee."

There is no conflict in the instructions, and when considered together the jury could not have possibly been misled to the prejudice of the appellant. Instruction No. 3, given at the instance of appellee, follows the exact language of the statute, and instruction No. 11, given at the instance of the appellant, explains what the statute means, in accord with *Norfolk & Western Ry. Co.* v. *Ear-*

*nest, supra.* See also *St. Louis S. W. Ry. Co.* v. *Anderson,* 117 Ark. 41.

(4)   The appellant complains because the court permitted the jury to consider as one of the elements of damage ''the care and attention, instruction and training, if any, one of Rodgers' disposition, and capacity, as shown by the evidence, might reasonably be expected to give his wife and children, which was lost to them by his death.''

The instruction was correct so far as it applied to the infant child of the deceased. See *Norfolk & West. Ry. Co.* v. *Sarah E. Holbrook, Admx.,* 235 U. S. 625; *Mich. Cent. Rd. Co.* v. *Vreeland,* 227 U. S. 59; *Railway Co.* v. *Sweet,* 60 Ark. 550; *Railway Co.* v. *Leslie, supra.*

The jury, as sensible men, must have understood that the instruction and training mentioned referred to deceased's children. Moreover, there is nothing in the amount of the verdict to indicate that it was the result of any passion or prejudice. The instruction complained of only related to the measure of damages, and the amount is so much less than the jury might have found for the pecuniary loss to appellee and her minor child, it can not be said that the instruction, even if erroneous, in any way prejudiced appellant's rights.

(5)   The court did not err in refusing appellant's prayer for instruction No. 7, in which the appellant sought to have the jury told that the deceased Rodgers assumed ''those unusual and extraordinary risks that were plainly observable to the eyes of an ordinarily prudent man,'' etc.

In appellant's prayer for instruction No. 6, the court told the jury that Rodgers, when he entered the employ of the appellant, ''assumed the risk of the ordinary and usual dangers of the occupation, and told them that if they 'believed from the testimony that Rodgers' injury and death resulted from one of the ordinary and usual dangers to which brakemen are exposed in the course of their work as usually and customarily conducted,'' the verdict should be for the defendant.

Under the evidence this instruction was all that was demanded and all that it was proper to give to correctly submit the issue of assumed risk. There was no testimony to warrant a submission to the jury of the issue as to whether there was an unusual risk which was so obvious that Rodgers must have known and appreciated the danger arising therefrom. See *St. Louis, I. M. & Sou. Ry. Co.* v. *Vann*, 98 Ark. 145-150. The instruction, as an abstract proposition of law, was not correct, because it failed to make a proper distinction between contributory negligence and assumed risk. See *Choctaw, Oklahoma & Gulf Rd. Co.* v. *Jones*, 77 Ark. 367; *St. Louis, I. M. & Sou. Ry. Co.* v. *Holman*, 90 Ark. 555; *St. Louis, I. M. & Sou. Ry. Co.* v. *Owens*, 103 Ark. 61.

(6) This is the second appeal in this case. The cause was reversed on the first appeal because the evidence was not sufficient to sustain the verdict. On the trial from which this appeal comes there were new developments and material changes in the evidence which it would unnecessarily lengthen this opinion to discuss. It was proper to submit to the jury the issues of negligence, contributory negligence and assumed risk, under the testimony disclosed by this record. The instructions are free from error and there was evidence to sustain the verdict.

The judgment is therefore correct, and it is affirmed.