CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1916.

NEW ORLEANS, M. & C. R. Co. v. JONES ET AL.

[72 South. 681.]

1. MASTER AND SERVANT. *Federal employers' liability act. Right to sue under state statute.*

The federal employers' act (U. S. Comp. St. 1913, section 8657), providing that suits shall be brought by the personal representative of a deceased person "for the benefit of the surviving widow or husband and children of such employee; and if none, then such employee's parents; and if none, then to the next of kin dependent upon such employee," is paramount and exclusive, and no suit can be brought under state law for injury or death of an employee of a common carrier railroad, who is injured while engaged in and about the transportation of interstate commerce.

2. SAME.

The half brother of a railroad porter, killed in interstate service, cannot recover for the death, where defendant left surviving him neither widow, children, parent nor dependent relative; either under the federal employers' liability act, because he is not provided for therein, nor under the state law because in enacting the federal employers' liability act, the entire subject-matter of the liability of interestate carriers to their employees, while engaged in interstate commerce, was covered by act of Congress.

(852)

APPEAL from the circuit court of Forest county.

HON. P. B. JOHNSON, Judge.

Action by Henry Jones and others against the New Orleans, Mobile & Chicago Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Flowers, Brown, Chambers & Cooper,* for appellant.

*Tally & Mayson,* for appellee.

POTTER, J., delivered the opinion of the court.

This is an appeal from the circuit court of Forest county, from a judgment in favor of appellee for two thousand five hundred dollars for injuries and death of Jim Norman, a half-brother of appellant. The following is an agreed statement of the facts as shown by the record:

"It is agreed between the parties to this cause, by their attorneys, that the following statement is true, and that it may be used by either side as evidence at the hearing of the above-styled cause: Jim Norman, a colored man, was porter on the passenger train of defendant carrying passengers, baggage, express, and mail from Laurel, Miss., to Mobile, Ala., on the 3d day of January, 1913. This was one of defendant's regular passenger trains running between the two said points, Laurel and Mobile. The train on which Jim Norman was porter was derailed while crossing a trestle near Leaf, a station on defendant's line, and one car, that in which Norman was at the time, was thrown from the trestle, and Norman was killed instantly. The track at that point was in reasonably safe condition, and so was the equipment used in and being a part of said train, and the equipment was of standard make. But it is not known what caused the accident, the defendant being unable to explain it and to account for the derailment. The company had competent men in charge of the said train, and it was being properly

operated at the time of the accident. However, the defendant is unable to explain just how the accident occurred and what caused it; but the said Jim Norman was in no way to blame for it. The said Jim Norman left brothers and sisters of the whole blood and the defendant has made settlement with them. The plaintiffs in this cause were not dependent upon the deceased for support, and did receive no support from him in his lifetime. They are his brothers and sisters of the half blood, and they are all above the age of twenty-one years."

From the above statement of facts it will be noted that Jim Norman, the employee of appellant for whose death this suit was brought, received the injuries causing his death while employed by a railroad company, and that the said employee was engaged at the time of his injury in and about the transportation of interstate commerce. It further appears that he does not belong to any of the classes entitled to sue under the Federal Employers' Liability Act; for said act (U. S. Comp. St. 1913, sec. 8657) provides that suits shall be brought by the personal representative of a deceased person "for the benefit of the surviving widow or husband and children of such employee; and, if none, of such employee's parents; and, if none, then of the next of kin dependent upon such employee."

This suit, however, was not brought under the Federal Employers' Liability Act, but under the provisions of section 721 of the Mississippi Code of 1906; and there is no contention on the part of appellee that he would be entitled to recover under the Federal law. It is his contention that the Federal law has no application to the case at bar, on the theory that since the decedent left surviving him neither widow, children, parent, or dependent relative, he can nevertheless recover under the provisions of the state law. In other words, he contends that, not belonging to any of the classes who can recover under the provisions of the Federal Employers' Liability Act, the state law with reference to the class to which he

belongs has not been affected by the enactment of the Federal law. The contention of appellee is not sound. In enacting the Federal Employers' Liability Act the subject-matter dealt with by Congress was the liability of interstate carriers by railway to their employees while engaged in interstate commerce. This law provides who can bring suit; in what courts suits shall be brought; under what circumstances recovery may be had; and how the *quantum* of damages is to be determined. The enactment of said statute was the constitutional exercise by Congress of its right, under the commerce clause of the Constitution of the United States, to legislate upon this subject. Before the enactment of this legislation by Congress the employees of railroads engaged in interstate commerce were protected under state Laws, but when the Federal Employers' Liability Act was passed, it necessarily superseded all state laws on the subject; for a valid law, enacted by Congress, is the paramount law of the land. With reference to the subject under consideration and the very act in question, Mr. Justice LURTON of the United States supreme court, in delivering the opinion of the court in the case of *Michigan Central R. Co.* v. *Vreeland,* 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176, said:

"We may not piece out this act of Congress by resorting to the local statutes of the state of procedure or that of the injury. The act is one which relates to the liability of railroad companies engaged in interstate commerce to their employees while engaged in such commerce. The power of Congress to deal with the subject comes from its power to regulate commerce between the states. Prior to this act Congress had not deemed it expedient to legislate upon the subject, though its power was ample. 'The subject,' as observed by this court in *Second Employers'* Liability Cases (*Mondu* v. *New York, N. H. & H. R. Co.*) 223 U. S. 1, 54, 32 Sup. Ct. 169, 177, 56 L. Ed. 327, 347, 38 L. R. A. (N. S.) 44, 'is one which falls within the police power of the state in the absence of

legislation by Congress.' *Nashville, C. & St. L. R. Co.* v. *Alabama,* 128 U. S. 96, 99, 9 Sup. Ct. 28, 32. L. Ed. 352; [*In re C., St. P. & K. C. R. R. Co.*] 2 Interst. Com. Com'n R. 238. By this act Congress has undertaken to cover the subject of the liability of railroad companies to their employees injured while engaged in interstate commerce. This exertion of a power which is granted in express terms must supersede all legislation over the same subject by the states. Thus, in *Gulf, C. & S. F. R. Co.* v. *Hefley,* 158 U. S. 98, 104, 15 Sup. Ct. 802, 804, 39 L. Ed. 910, 912, it was said, in reference to state legislation touching freight rates upon interstate freight which conflicted with the legislation of Congress upon the same subject, that: 'Generally it may be said in respect to laws of this character that, though resting upon the police power of the state, they must yield whenever Congress, in the exercise of the powers granted to it, legislates upon the precise subject-matter, for that power, like all other reserved powers of the states, is subordinate to those in terms conferred by the Constitution upon the nation. ''No urgency for its use can authorize a state to exercise it in regard to a subject-matter which has been confided exclusively to the discretion of Congress by the Constitution.'' *Henderson* v. *New York* (*Henderson* v. *Wickham*) 92 U. S. 259, 271, 23 L. Ed. 543, 548. ''Definitions of the police power must, however, be taken, subject to the condition that the state cannot, in its exercise, for any purpose whatever, encroach upon the powers of the general government, or rights granted or secured by the supreme law of the land.'' *New Orleans Gaslight Co.* v. *Louisiana Light & H. P. & Mfg. Co.,* 115 U. S. 650, 661, 6 Sup. Ct. 252, 258, 29 L. Ed. 516, 520. ''While it may be a police power in the sense that all provisions for the health, comfort, and security of the citizens are police regulations, and an exercise of the police power, it has been said more than once in this court that, where such powers are so exercised as to come within the domain of federal authority as defined by the Con-

stitution, the latter must prevail.'' *Morgan's L. & T. R. & S. S. Co.* v. *Board of Health,* 118 U. S. 455, 464, 6 Sup. Ct. 1114, 1118, 30 L. Ed. 237, 241.'

''It therefore follows that, in respect of state legislation prescribing the liability of such carriers for injuries to their employees while engaged in interstate commerce, this act is paramount and exclusive, and must remain so until Congress shall again remit the subject to the reserved police power of the states. *Reid* v. *Colorado,* 187 U. S. 137, 146, 23 Sup. Ct. 92, 47 L. Ed. 108, 113.''

We are therefore of the opinion that it is clear upon principle and settled by adjudication that no suit can be brought under state law for injury or death of an employee of a common carrier by railroad, who is injured while engaged in and about the transportation of interstate commerce.

The peremptory instruction requested by the appellant in the court below should have been granted. This cause is therefore reversed, and judgment will be entered here for the appellant.

*Reversed and dismissed.*