251 P.2d 908

SOUTHERN PAC. CO. v. ROMINE.

No. 5569.

Supreme Court of Arizona.

Dec. 22, 1952.

Rehearing Denied Jan. 26, 1953.

Knapp, Boyle, Bilby & Thompson and Arthur Henderson, Tucson, Lawrence L. Howe, San Francisco, of counsel, for appellant.

Fickett & Dunipace and Harry L. Buchanan, of Tucson, for appellee.

UDALL, Chief Justice.

This is an appeal from a judgment for $20,000 awarded against appellant Southern Pacific Company in favor of the Administrator of the Estate of George A. Romine, deceased, in an action for damages for the latter's death which occurred during the course of his employment by appellant. The primary question on appeal is whether appellee has any right of action under the Arizona Employer's Liability Act, Chap. 56, Art. 8, A.C.A.1939.

The record discloses that the deceased was a regular member of the appellant's Bridge and Building Gang No. 14. This B & B gang, during the several months immediately preceding this fatal accident, had been engaged in general building maintenance upon and along the Southern Pacific right of way, and specifically in the maintenance and repair of mainline railroad bridges. Their immediate job was to go by rail motor car to the company's station at Saddle, Arizona, and there complete an extension on appellant's pump house, to cover a water pump used by appellant in supplying domestic water to its section hands who lived in the railroad quarters provided for them at this station. Under its collective bargaining contract with section hands it was incumbent upon the appellant to not only house these workers but to see that an adequate supply of water,

suitable for domestic purposes, was made available for them.

Whenever the B & B gang was required to travel over parts of appellant's line in going to their assigned work, as a part of their general and continuing duties, the men were to keep a sharp lookout for obstructions, drops, and signal changes; to watch for approaching or overtaking freight or passenger trains, yielding the track to them and then making a rolling inspection for loose gear, hot boxes or other defects. Any noticed defects were to be immediately reported from the nearest signal box, and this duty was to take precedence over anything they may have been doing at the time.

Deceased, with other members of the four-man crew on the morning of July 24, 1950, loaded at Hyder, Arizona, a railroad motor car with used lumber and started on the main line of the Southern Pacific Railroad to the station at Saddle. As the motor car proceeded along the track pieces of lumber tended to become loose and work forward. Decedent bent down once or twice to pull the lumber back, then one of the 2x4's in some manner worked loose, went forward and down where it struck a tie and was driven back piercing the decedent's body, killing him instantly.

Appellee's decedent left surviving only adult brothers and sisters, none of whom was dependent upon him. In such cases there can be no recovery under the Federal Employers' Liability Act, 45 U.S.C. A. § 51. Lindgren v. U. S., 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686; Seaboard Air Line v. Kenney, 240 U.S. 489, 493, 36 S.Ct. 458, 60 L.Ed. 762.

The appellant assigns as error the action of the trial court in denying its motion for a directed verdict at the close of the plaintiff's evidence, again at the close of all the evidence, as well as his motion for judgment notwithstanding the verdict, since the evidence showed the decedent's employment and duties were in furtherance of interstate commerce, and decedent did not leave next of kin dependent upon him, in consequence of which it is claimed appellee had no right of action under any statute, state or federal.

As the facts heretofore delineated are not in dispute the matter resolves itself into purely a question of law. The appellant contends that if the duties of decedent as appellant's employee were such as to be within the Federal Employers' Liability Act, supra, no recovery may be had under the Arizona Employer's Liability Act, supra, as Congress, by the federal Act, occupied the field of "the employer's responsibility for injury or death of the employee". While appellee concedes that there could be no recovery under the federal Act as the right of action created thereunder is for certain named dependents who are non-existent in the instant case, however, because the federal Act makes no provision for recovery for nondependent next of kin

in employee death cases, appellee urges that the field in that limited respect was not occupied by Congress and that hence the states are free to grant recoveries for such nondependent next of kin. We cannot agree with this contention.

We hold that the answer to this issue is well settled by decisions of the United States Supreme Court as well as of this court. In the case of New York Central Railroad Co. v. Winfield, 244 U.S. 147, 37 S.Ct. 546, 547, 61 L.Ed. 1045, Ann.Cas. 1917D, 1139, the Supreme Court of the United States, when faced with a non-negligence injury for which the federal Act gave no right of recovery and which injury it was urged was outside the field covered by the Act and thus a matter that states were free to legislate upon, stated:

" * * * Whether and in what circumstances railroad companies engaging in interstate commerce shall be required to compensate their employees in such commerce for injuries sustained therein are matters in which the nation as a whole is interested, and there are weighty considerations why the controlling law should be uniform and not change at every state line.

\* \* \* \* \* \*

" * * * Thus, in Missouri, K. & T. R. Co. v. Wulf, 226 U.S. 570, 576, 33 S.Ct. 135, 57 L.Ed. 355, 363, Ann. Cas.1914B, 134, and other cases, it is pointed out that the subject which the act covers is 'the responsibility of interstate carriers by railroad to their employees injured in such commerce;' in Michigan C. R. Co. v. Vreeland, 227 U.S. 59, 66, 67, 33 S.Ct. 192, 57 L.Ed. 417, 419, 420, Ann.Cas.1914C, 176, it is said that 'we may not piece out this act of Congress by resorting to the local statutes of the state of procedure or that of the injury;' that by it 'Congress has undertaken to cover the subject of the liability of railroad companies to their employees injured while engaged in interstate commerce,' and that it is 'paramount and exclusive;' * * *."

This court, in the case of Saxton v. El Paso & Southwestern R., 21 Ariz. 323, 188 P. 257 (citing New York Central Railroad Co. v. Winfield case, supra), stated:

"If the defendant was a railroad corporation engaged in interstate commerce and the decedent was in its employment engaged in interstate commerce work, the plaintiff cannot recover under the state Employers' Liability Law. It is well settled that, since Congress, by the act of 1908, took possession of the field of the employers' liability to employés in interstate transportation by rail, *all state laws* upon the subject are superseded." (Emphasis supplied.)

██ As both the federal Act and the Arizona Act cover the field of the employer's responsibility for injury or death of

the employee there can be no question but that the state Act is superseded, and the federal Act is the exclusive remedy available, if any part of the deceased employee's duties were in furtherance of interstate or foreign commerce; or if they, in any way directly or closely and substantially, affected such commerce. 53 Stats. at L. 1404, 45 U.S.C.A. § 51. See: Jones v. Charleston, etc., Ry. Co., 98 S.C. 197, 82 S.E. 415; New Orleans, etc., R. Co. v. Jones, 111 Miss. 852, 72 So. 681. The test by which an employee is determined to be, or to not be, employed in interstate commerce (paraphrased from the statute above cited) was added to the federal Act by amendment in 1939. The effect and result of this liberalizing amendment was to sweep into discard the troublesome and outmoded "moment of injury" test which for so long had perplexed and confused the courts. Thenceforth it was and is sufficient that any part of the employee's duties were in furtherance of interstate commerce, or in any way directly or closely and substantially affected such commerce, even though at the moment of injury the duties he was performing did not involve or affect interstate commerce. See:

Southern Pacific Co. v. Industrial Accident Commission, 19 Cal.2d 271, 120 P.2d 880; Ermin v. Penn. R. Co., D.C., 36 F. Supp. 936. The appellate court of Illinois after first holding contra now recognizes that "the amendment refers to the general duties of employment, and not to the isolated work, at the time of injury." Ernhart v. Elgin, J. & E. Ry. Co., 337 Ill. App. 56, 84 N.E.2d 868, 872.

In the instant case the scope and nature of decedent's duties and employment were clear and undisputed. Unquestionably decedent's general employment as well as the specific duties with which he was engaged at the time of his death involved the doing of things furthering interstate commerce and directly and closely affecting such commerce. We hold therefore that the trial court erred as a matter of law in denying the appellant's motion for an instructed verdict. The judgment is reversed and remanded with directions to dismiss plaintiff's complaint.

Reversed with directions.

STANFORD, PHELPS, DE CONCINI, and LA PRADE, JJ., concurring.